IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILEIRI DOE, on behalf of herself and all others similarly situated, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY *et al.,*<br><br>*Defendants.* | Case No. 1:25-cv-12245 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE PSEUDONYMOUSLY**

Plaintiffs Sileiri Doe, Meryem Doe, and Olivia Doe (collectively, the "Individual Plaintiffs") are foreign nationals who were lawfully granted parole by the United States government to legally enter and be present in this country for a set period of time while they apply for longer-term or permanent immigration status. Together with Plaintiff Venezuelan Association of Massachusetts (VAM), they bring this class action suit challenging the arbitrary and unlawful decision to terminate parole *en masse* and the parole terminations themselves by Defendants Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), U.S. Citizenship and Immigration Services ("USCIS"), Kristi Noem, in her official capacity as Secretary of DHS, Joseph B. Edlow, in his official capacity as Director of USCIS, and Rodney S. Scott, in his official capacity as Commissioner of CBP.

In doing so, the Individual Plaintiffs respectfully request that the Court allow them to proceed pseudonymously in this action to preserve Plaintiffs' safety and the safety of their families and loved ones, who are not parties to this litigation. Releasing their names would expose

1

Individual Plaintiffs and individuals associated with them to significant risks; it would also deter similarly situated individuals from pursuing litigation to vindicate their rights. In contrast, proceeding pseudonymously will not significantly burden or prejudice Defendants or the public.

## ARGUMENT

"A district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 72 (1st Cir. 2022). The First Circuit has established four criteria pursuant to anonymity ordinarily will be warranted: (1) "whether the case is one in which the movant reasonably fears that coming out of the shadows will cause him unusually severe physical or mental harm"; (2) "whether the case is one in which compelled disclosure of the movant's name will likely lead to disclosure of a nonparty's identity, causing the latter substantial harm;" (3) "whether the case is one in which compelled disclosure would likely deter, to an unacceptable degree, similarly situated individuals from litigating"; or (4) "whether the federal suit is bound up with a prior proceeding subject by law to confidentiality protections and forcing disclosure of the party's identity would significantly impinge upon the interests served by keeping the prior proceeding confidential." *Id.* at 72. At least three of the four categories warrant pseudonymity here.

### A. Revealing Individual Plaintiffs' Identities Exposes Them to Significant Risk of Retaliation, Threats, and Harassment

The Individual Plaintiffs reasonably fear physical, emotional, and mental harm if required to reveal their identities during this litigation. They currently live under the threat of detention and deportation due to Defendants' abrupt termination of their lawful parole status, and the fear and emotional distress caused by the termination of the Individual Plaintiffs' parole will only be exacerbated if they were compelled to publicly identify themselves here. *See* Declaration of

Meryem Doe (Meryem Decl.) at ¶ 4 Declaration of Sileiri (Sileiri Decl.) at ¶ 4; Declaration of Oliva Doe (Olivia Decl.) at ¶¶ 3-4. Individual Plaintiffs also fear that disclosing their identities will cause the United States government to retaliate against them in immigration proceedings. *See, e.g., K.O. by and through E.O. v. United States*, 651 F. Supp. 3d 331, 343 (D. Mass. 2023) (crediting "fears of retaliation" as a reason the court "allowed the plaintiffs to proceed pseudonymously" in a case involving family separation at the border). Finally, Individual Plaintiffs could face public harassment, both online and in person, given the current political atmosphere around immigration. *See e.g., Doe v. Noem,* No. 2:25-CV-00633-DGE, 2025 WL 1295664, at *2 (W.D. Wash. May 5, 2025) (recognizing "in the current political environment, Plaintiff's fear of severe online or public harassment if he were named as the Plaintiff in a high-profile immigration case" as a valid basis for granting motion to proceed under pseudonym).

Federal regulations underscore the importance of confidentiality where asylum claims are implicated. Those regulations require asylum applications and records relating to credible fear interviews—including the fact that an applicant has applied for asylum or received a credible fear interview—to be kept confidential. *See* 8 C.F.R. §§ 208.6, 1208.6. Those "'regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin.'" *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (quoting Memo. from Joseph E. Langlois, Asylum Div. Dir., to Asylum Off. Dirs. & Deputy Dirs., *Fact Sheet: Fed. Regulations Protecting the Confidentiality of Asylum Applicants*, USCIS Asylum Div. (2005), https://perma.cc/VJM5-FQJX?type=image). For the same reasons, when the Board of Immigration Appeals issues

published asylum-related decisions, it routinely uses only the initials of the applicant. *See, e.g., Matter of M-H-Z-*, 26 I. & N. Dec. 757 (BIA 2016).

### B. Disclosure of Individual Plaintiffs' Identities Risks Harm to Their Family, Including their Children

Compelling the disclosure of the Individual Plaintiffs' identities will likely lead to the identification of various non-parties who also face significant harm if exposed during this litigation. Individual Plaintiffs have family members in their countries of origin who may be in danger if connected to Individual Plaintiffs.

Plaintiff Olivia Doe fled Haiti after being harassed by a Haitian gang and receiving no help from corrupt law enforcement. *See* Olivia Decl. ¶ 2. If identified by name in this case, Olivia Doe's family may face further violence.

Plaintiff Sileiri Doe was a humanitarian worker and advocate for fetal and maternal health in Venezuela before her advocacy caught the attention of Venezuela's ruling political party. *See* Sileiri Decl. ¶¶ 2-3. She was kidnapped and tortured by that party's political operatives, and fled to the United States, seeking safety and asylum. *Id.* Plaintiff Sileiri Doe's Venezuelan family and friends could be at risk if she is publicly identified in this litigation. *Id.* ¶ 7.

Plaintiff Meryem Doe was forced to flee Cuba after refusing to join the Communist Party, facing extortion and harassment from the Communist Party. *See* Meryem Decl. at ¶ 2. Meryem Doe fears her family will face retaliation from the Cuban government if they are publicly identified in this litigation. *Id.* at ¶ 5.

In short, if Individual Plaintiffs' persecutors learned of their asylum claims or applications for permanent residency, this lawsuit, the circumstances of their flight to the United States, or their current whereabouts, they—and their loved ones—could be placed in significant danger. *See also* U.N. High Comm'r for Refugees, *Advisory opinion on the rules of confidentiality regarding*

*asylum information* ("UNHCR Advisory Opinion") at 2-3 (Mar. 31, 2005), https://perma.cc/R3TV-7N3T).

Family and friends of the Individual Plaintiffs here in the United States also face substantial risk of harm if Individual Plaintiffs' identities are revealed.  Like the Individual Plaintiffs, their families and loved ones risk online and in person harassment from the public if their identities are disclosed in this litigation.  Their families and loved ones also risk retaliation from the United States government.  Individual Plaintiffs' public participation in this lawsuit could have a negative impact on their family members' pending immigration enforcement proceedings or asylum applications.  Further, the Individual Plaintiffs all have minor children and the privacy interests of these minors would be implicated by their parents being named in a sensitive public filing.

### C. Disclosure Will Deter Similarly Situated Individuals from Litigation

If this Court ordered the Individual Plaintiffs to disclose their identities, it would deter similarly situated individuals from litigating similar cases.  A deterrence concern typically arises in cases in which "the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Massachusetts Inst. of Tech.*, 46 F.4th at 71 (citation omitted). Individuals with circumstances similar to Individual Plaintiffs would be reasonably afraid that challenging the Government's immigration enforcement actions, without the protection of anonymity, would expose them to retaliation and deportation.  *See Noem*, 2025 WL 990635 at *2–3 (denying motion to proceed under pseudonym in immigration challenge "would likely deter similarly situated individuals from litigating cases such as these, in which the perceived risk of proceeding without a pseudonym—deportation—is precisely the harm Plaintiffs seek to prevent by participating in the lawsuit")

### D. Allowing Individual Plaintiffs to Proceed Pseudonymously Does Not Burden or Prejudice the Government

In contrast, proceeding under pseudonyms will not place a significant burden on the Defendants because the identities of Individual Plaintiffs are not material to the Government's defense in this case. Plaintiffs' claim on behalf of a putative class that DHS's notices, which indiscriminately terminated thousands of immigrants' legally obtained parole, were arbitrary, capricious and contrary to law. "[T]hus the potential bases for standing, likelihood of success and most of prerequisites for class certification [] are not specific to any individual Plaintiffs" and resultingly, "[t]he value for Defendants learning information about [the Individual Plaintiffs] in defending Plaintiffs' legal challenge is extremely limited." *See Noem*, 2025 WL 990635, at *2–3 (D. Mass. Apr. 2, 2025).[1]

Additionally, "courts are more likely to permit plaintiffs to proceed under a pseudonym when they are pursuing a claim against the government rather than a private individual," *Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017) (internal citations omitted), because "the government is viewed as having a less significant interest in protecting in reputation from damaging allegations than the ordinary individual defendant." *EW v. N.Y. Blood Ctr.,* 213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also Nat'l Ass'n of Waterfront Emps. v. Chao*, 587 F. Supp. 2d 90, 99 n.9 (D.D.C. 2008).

Finally, the countervailing interests in complete disclosure are minimal or nonexistent. The public's interest, if any, in knowing Individual Plaintiffs' identities and the sensitive details of their persecution is negligible. To be sure, the issues that Plaintiffs raise in this lawsuit are important and may well be a matter of concern to the general public. Yet the public will be able to gain a

---

[1] Plaintiffs' identifying information may be provided to Defendants' counsel under an appropriate protective order, if necessary.

comprehensive understanding of the bases of their claims for relief based on the Complaint and other public filings in this case. Defendants will not face any prejudice if this Court provides leave for Plaintiffs to file Individual Plaintiffs' declarations in support of this motion under seal, as Defendants will have access to all information required to prepare their defense in this case.

## CONCLUSION

For the reasons set forth above, Individual Plaintiffs respectfully request that the Court grant their request to proceed under pseudonyms.

Dated: August 12, 2025

Respectfully,

*/s/ Melanie M. Chaput*
Melanie M. Chaput (MA Bar No. 643470)
Heather Arroyo (MA Bar No. 698460)
Iris Gomez (MA Bar No. 201000)
MASSACHUSETTS LAW REFORM INSTITUTE
40 Court Street, Suite 700
Boston, MA 02108
Telephone: 617.357.0700
Facsimile: 617.357.0777
mchaput@mlri.org
harroyo@mlri.org
igomez@mlri.org

Brian D. Netter (D.C. Bar No. 979362)
Allyson R. Scher (D.C. Bar No. 1616379)
Cortney Robinson Henderson (D.C. Bar No. 1656074)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(833) 391-4732
bnetter@democracyforward.org
ascher@democracyforward.org
crhenderson@democracyforward.org

*Counsel for Plaintiffs*