# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILEIRI DOE, on behalf of herself and all others similarly situated, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-12245 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................ 1

BACKGROUND .............................................................................................................................. 2

    A.    Factual Background ............................................................................................... 2

    B.    Procedural History ................................................................................................. 4

    C.    Proposed Class ....................................................................................................... 5

ARGUMENT ................................................................................................................................... 5

    I.    The Proposed Class Meets Rule 23(a)(1) Requirements Because It Is Sufficiently Numerous ............................................................................................ 6

    II.    The Proposed Class Meets Rule 23(a)(2) Requirements Because It Raises Common Questions of Law and Fact ..................................................................... 8

    III.    The Proposed Class Meets Rule 23(a)(3) Requirements Because the Claims and Defenses of the Representatives are Typical of Those of the Class… ................................................................................................................... 10

    IV.    The Proposed Class Meets Rule 23(a)(4) Requirements Because It Will Fairly and Adequately Protect the Interests of the Class ....................................... 11

    V.    The Proposed Class Satisfies Rule 23(b)(2) Requirements Because Classwide Injunctive or Declaratory Relief is Appropriate ................................... 12

CONCLUSION .............................................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)...................................................................................................................11

*Andrews v. Bechtel Power Corp.*,
  780 F.2d 124 (1st Cir. 1985).......................................................................................................11

*Bowers v. Russell*,
  22-cv-10457, 2025 WL 342077 (D. Mass. Jan. 30, 2025)...........................................................5

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013).......................................................................................................................5

*In re Credit Suisse-AOL Sec. Litig.*,
  253 F.R.D. 17 (D. Mass. 2008)..................................................................................................10

*D.V.D. v. DHS*,
  No. CV 25-10676-BEM, 2025 WL 1142968 (D. Mass. Apr. 18, 2025) ...............................8, 13

*Doe v. Noem*,
  No. 1:25-CV-10495, 2025 WL 1514420 (D. Mass. May 28, 2025)...........................................8

*Doe v. Noem*,
  No. 25-cv-10495 (D. Mass. Apr. 14, 2025)...............................................................................13

*Donovan v. Philip Morris USA, Inc.*,
  268 F.R.D. 1 (D. Mass. 2010)......................................................................................................6

*Garcia-Rubiera v. Calderon*,
  570 F.3d 443 (1st Cir. 2009)........................................................................................................6

*George v. Nat'l Water Main Cleaning Co.*,
  286 F.R.D. 168 (D. Mass. 2012)..................................................................................................6

*Immigrant Defenders Law Ctr. v. Wolf*,
  No. 20-cv-09893 (C.D. Cal. Mar. 15, 2023)..............................................................................13

*In Re New Motor Vehicles Canadian Export Antitrust Litig.*,
  522 F.3d 6 (1st Cir. 2008)............................................................................................................8

*In re Pharm. Indus. Average Wholesale Price Litig.*,
  230 F.R.D. 61 (D. Mass. 2005)..................................................................................................10

*Reid v. Donelan*,
   297 F.R.D. 185 (D. Mass.), *enforcement granted*, 64 F. Supp. 3d 271 (D. Mass. 2014) ............................................................................................................. 6, 7

*Torrezani v. VIP Auto Detailing, Inc.*,
   318 F.R.D. 548 (D. Mass. 2017) ....................................................................................... 7, 8

## INTRODUCTION

Plaintiffs, including Sileiri Doe, Meryem Doe, and Olivia Doe, on behalf of themselves and the putative class they seek to represent, move for class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The proposed class consists of hundreds of thousands of individuals who have been harmed by Defendants' actions to terminate humanitarian parole for noncitizens who obtained parole after securing a border appointment through the U.S. Department of Homeland Security ("DHS")'s "CBP One" app. Members of the proposed class collectively meet all requirements for class certification.

Rule 23(a)(1)'s numerosity requirement is satisfied because the proposed class includes hundreds of thousands of individuals and is so numerous as to make joinder impracticable. Over 900,000 individuals were granted parole after securing a border appointment through the U.S. Department of Homeland Security's ("DHS") "CBP One" app and undergoing individual inspection by a CBP officer at a port of entry.

Rule 23(a)(2)'s commonality requirement is satisfied because fundamental questions of fact and law are common across all class members, where the Defendants terminated parole *en masse* in April 2025, and without the case-by-case review required by 8 U.S.C. § 1182(d)(5)(A), and in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)-(B), resulting in harm to all putative class members.

Rule 23(a)(3)'s typicality requirement is satisfied because each member of the proposed class would bring the same claim and seek the same relief as the rest of the proposed class: (1) reinstatement of lawfully obtained parole for the full term for which parole was granted; and (2) reinstatement of work authorization for parolees for the full term for which parole was granted and/or restoration of consideration of pending and new employment authorization requests.

Rule 23(a)(4)'s adequacy requirement is satisfied because the proposed class representatives have claims that are the same as those of the proposed class and accordingly seek the same remedies. As such, there are no identified conflicts of interest within the proposed class, and the proposed class representatives have demonstrated their commitment to vigorously prosecuting the action, such as by providing declarations for the present action.

Finally, Rule 23(b)(2) is satisfied because the Defendants have "acted or refused to act on grounds that apply generally to the class" through their *en masse* termination of lawful parole and termination of employment authorizations, which is why Plaintiffs seek uniform relief among the class members.

Accordingly, Plaintiffs respectfully request that the Court certify the proposed class.

## BACKGROUND

### A.  Factual Background

Humanitarian parole is an authorization from the U.S. government allowing foreign nationals to enter the United States for urgent humanitarian reasons or significant public benefit. 8 U.S.C. § 1182(d)(5)(A).  Parole permits foreign nationals to be legally present in the United States for a set period of time, typically two years, which in turn enables them to apply for longer-term or permanent immigration status.  Individuals with a lawful parole status are eligible to apply for employment authorization under longstanding regulations, including 8 C.F.R. § 274a.12(c)(11).

Section 212(d)(5)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(d)(5)(A), establishes that "the Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United

States" 8 U.S.C. § 1182(d)(5)(A). In turn, the DHS Secretary may terminate that individual's parole only if she determines that "the purposes of [] parole . . . have been served." 8 U.S.C. § 1182(d)(5)(A); *see also* 8 C.F.R. § 212.5 (parole decisions be made "in accordance with" the terms of INA Section 212(d)(5), *i.e.*, on a case-by-case basis.).

In May 2023, DHS began directing noncitizens to use the CBP One mobile application as the primary, if not exclusive, mechanism to seek parole and/or asylum at the U.S.-Mexico border. *See* Circumvention of Lawful Pathways, 88 Fed. Reg. 31,314, 31,317–18. (May 16, 2023). DHS's new regulations required that noncitizens at the border use the CBP One app to schedule an appointment for inspection at a port of entry, or else they were ineligible for asylum, with very limited exceptions. *Id.* Accordingly, beginning in May 2023, individuals seeking to enter the United States via the U.S.-Mexico border to apply for asylum or other immigration status had to use CBP One to schedule an appointment for inspection at a port of entry.

At the port of entry interview, individuals seeking parole provided biometrics (fingerprints, photographs and sometimes DNA). During inspection, the CBP officer "determine[d] an appropriate processing disposition, including but not limited to, initiating removal proceedings by issuing a Notice to Appear before an immigration judge, and considering, on a case-by-case basis, whether to grant parole for urgent humanitarian reasons or a significant public benefit." *Id.*; *see also* INA § 212(d), 8 U.S.C. 1182(d).

Between May 2023 and January 20, 2025, approximately 900,000 people were granted parole into the United States—typically for two years—after scheduling their appointment with CBP using the CBP One app.

In April 2025, DHS unlawfully terminated the parole of those individuals by sending a mass email to parole recipients, or by terminating their parole without any notice at all. Also in

April 2025, DHS publicly announced that it was immediately revoking the lawful parole status of all individuals who had secured their appointments for inspection via the CBP One app. Several weeks later, DHS revoked putative class members' employment authorizations.

Defendants' unlawful mass parole terminations have upended Plaintiffs' lives. Defendants have prematurely stripped Plaintiffs of their parole status, which has caused the following harms: (1) significant elevation of Plaintiffs' risk of detention and removal; (2) the loss of Plaintiffs' work authorization; (3) jeopardization of Plaintiffs' ability to seek longer or permanent legal immigration status because Plaintiffs relied on a two-year, or other set time, period to apply for asylum, or other forms of immigration relief; and (4) a threat to their ability to maintain or access benefits for which they may be eligible.

Plaintiffs Sileiri Doe, Meryem Doe, and Olivia Doe obtained parole for a period of approximately two years after securing border appointments via the CBP One app, and after undergoing individual inspection by border patrol officers. DHS unlawfully terminated Individual Plaintiffs' parole in April 2025 and terminated their employment authorization or ability to apply for employment authorization, shortly thereafter. DHS took these actions absent a case-by-case determination, as required by 8 U.S.C. § 1182(d)(5)(A).

**B.     Procedural History**

Plaintiffs filed their complaint on August 11, 2025, *see* ECF No. 1. Plaintiffs assert claims under the Administrative Procedure Act ("APA"), U.S.C. § 706(2)(A)-(B), alleging that the terminations of their parole and work authorization, as well as Defendants' decision to conduct a termination of parole *en masse*, are arbitrary, capricious, and contrary to law. Plaintiffs, on behalf of the putative class, seek declaratory and injunctive relief and an order directing Defendants to reinstate parole and work authorizations so that putative class members may benefit from the full duration of their grants of parole.

### C. Proposed Class

The proposed class is defined as:

> All individuals who (i) scheduled their appointments for entry to the United States using the CBP One app; (ii) were paroled into the United States between May 16, 2023 and January 19, 2025; (iii) had their parole terminated in April 2025; and (iv) remain in the United States.

The claims of the foregoing class are all based on the same nucleus of facts described above, and their claims would be fully and finally resolved by this Court's orders. All claims are asserted on behalf of the class, all relief requested is based on Defendants' common course of conduct directed at the class, and all class members seek uniform relief: restoration of parole and work authorizations, and the ability to apply for continued work authorization for the remaining period of parole.

## ARGUMENT

In order to certify a class under Rule 23, the Plaintiffs must satisfy the requirements under Rule 23(a) and fit into one of the categories under Rule 23(b). *See* Fed. R. Civ. P. 23. Rule 23(a) requires the proposed class to satisfy four criteria:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see also Bowers v. Russell*, Civil Action No. 22-cv-10457, 2025 WL 342077, at *2 (D. Mass. Jan. 30, 2025).

"The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Here, Plaintiffs seek certification of a class for injunctive and declaratory relief under Rule 23(b)(2). "A class qualifies for certification under Rule 23(b)(2) when 'the party opposing the class has acted or refused to act on grounds that

5

apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Donovan v. Philip Morris USA, Inc.*, 268 F.R.D. 1, 11 (D. Mass. 2010) (quoting Fed. R. Civ. P. 23(b)(2)).

"In fact, civil rights actions like this one, where a party charges that another has engaged in unlawful behavior towards a defined group, are 'prime examples' of Rule 23(b)(2) classes." *Reid v. Donelan*, 297 F.R.D. 185, 193 (D. Mass.), *enforcement granted*, 64 F. Supp. 3d 271 (D. Mass. 2014).

As demonstrated below, Plaintiffs satisfy each of the requirements for class certification under Rule 23(a) as well as the requirements under Rule 23(b)(2).

### I. The Proposed Class Meets Rule 23(a)(1) Requirements Because It Is Sufficiently Numerous

The numerosity requirement under Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." The First Circuit has noted that this numerosity requirement is a "low threshold" and met if the named plaintiffs show the potential number of plaintiffs is more than 40. *See Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009); *George v. Nat'l Water Main Cleaning Co.*, 286 F.R.D. 168, 173 (D. Mass. 2012). This requirement is further relaxed when the plaintiffs seek declaratory or injunctive relief, as is true in this case, because "inclusion of future members increases the impracticability of joinder." *Reid*, 297 F.R.D. at 189-90 (D. Mass. 2014).

Here, the putative class represents individuals who entered the United States using the CBP One app, were into the United States between May 16, 2023 and January 19, 2025, had their parole terminated in April 2025, and remain in the United States. It is estimated that over 900,000 individuals were affected by the government's actions and may be members of the putative class. *See* Camilo Montoya-Galvez, *Migrants who entered U.S. via Biden-era CBP One app stripped of*

*legal status, told to leave "immediately"*, CBS NEWS (Apr. 8, 2025), https://www.cbsnews.com/news/migrants-cbp-one-app-legal-status-stripped-dhs/. Although plaintiffs do not need to show a precise number to meet this numerosity requirement, *see Reid*, 297 F.R.D. at 189, multiple news sources have confirmed that the government's actions have led to the revocation of parole for nearly 1 million parolees. *See, e.g.*, Valerie Gonzales, *Homeland Security Revokes Legal Status for Migrants who Entered U.S. Using CBP One App*, PBS (Apr. 8, 2025), https://www.pbs.org/newshour/nation/homeland-security-revokes-legal-status-for-migrants-who-entered-u-s-using-cbp-one-app ("More than 900,000 people"); Rebecca Beitsch, *Legal Status Revoked for 985,000 Migrants Who Entered US Under Biden-era CBP One App*, THE HILL (Apr. 8, 2025), https://thehill.com/policy/national-security/5237720-trump-immigration-crackdown-dhs-parole-protections-migrants-biden-cbp-one-app-southern-border/ ("Roughly 985,000 people").

Class certification is further appropriate here because of the proposed class members' financial circumstances. *See Torrezani v. VIP Auto Detailing, Inc.*, 318 F.R.D. 548, 554 (D. Mass. 2017). The class members here live in fear of job and career loss due to the effects of the government's actions, particularly revocation of or ineligibility for employment authorization. Joinder is also impractical here because of the geographic location of the class members. *See Torrezani v. VIP Auto Detailing, Inc.*, 318 F.R.D. 548, 554 (D. Mass. 2017) (considering geographic location of the proposed class members). As evidenced by the class representatives, persons affected by this parole revocation are located across the country. *See, e.g.*, ECF No. 1, Compl. ¶ 9 (currently residing in Ohio), *id.* ¶ 10 (currently residing in Texas); *id.* ¶ 11 (currently residing in Massachusetts). This makes joinder impractical.

Furthermore, many class members are unlikely to bring suit in their individual capacity because of fear of retaliation either in their home countries or by the United States government. *See, e.g.*, Declarations of Meryem Doe, Olivia Doe, and Sileiri Doe, ECF Nos. 4-3, 4-4, 4-5.

As set forth above, the numerosity requirement under Rule 23(a)(1) and First Circuit precedent are met.

## II. The Proposed Class Meets Rule 23(a)(2) Requirements Because It Raises Common Questions of Law and Fact

Under Rule 23(a)(2), the proposed class must have common questions of law and fact, also known as the "commonality" requirement. This requirement is satisfied when the putative class's claims are dependent upon a common contention whose resolution is "central to the validity of each of the class's claims." *D.V.D. v. DHS*, 2025 WL 1142968, at *15 (D. Mass. Apr. 18, 2025) (cleaned up). The resolution of this common contention will be "capable of classwide resolution" such that a "determination of its [veracity] will resolve an issue that is central to the validity of each one of the claims in one stroke." *See Torrezani v. VIP Auto Detailing, Inc.*, 318 F.R.D. 548, 554 (D. Mass. 2017). Thus, the relevant inquiry is not whether the class raises common questions but rather whether "a class-wide proceeding [can] generate common <u>answers</u> apt to drive the resolution of the litigation." *See Doe v. Noem*, No. 1:25-CV-10495, 2025 WL 1514420, at *22 (D. Mass. May 28, 2025) (emphasis in original). Similar to numerosity, the commonality requirement is a "low bar." *See In Re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6, 19 (1st Cir. 2008); *D.V.D. v. DHS*, 2025 WL 1142968, at *15 (cleaned up).

Here, Defendants' unlawful conduct has targeted and affected all members of the Class in a similar manner, *i.e.*, each member of the Class has suffered the same injury: termination of their parole and revocation of (or ineligibility for) work authorization without complying with the APA,

the INA, or DHS's regulations. The Court can therefore decide in one stroke whether or not Defendants' actions were legally permissible.

Among the questions of law and fact common to the Classes are:

i. Whether Defendants violated the APA when they terminated the parole of members of this Class;

ii. Whether Defendants violated the INA when they terminated the parole of members of this Class;

iii. Whether Defendants violated their own regulations when they terminated the parole of members of this Class;

iv. Whether Defendants violated the APA when they decided to conduct an *en masse* termination of the parole of members of this Class;

v. Whether Defendants violated the INA when they decided to conduct an *en masse* termination of the parole of members of this Class;

vi. Whether Defendants violated their own regulations when they decided to conduct an *en masse* termination of parole of members of this Class;

vii. Whether Plaintiffs and the other members of the Class were or will be injured by Defendants' conduct; and, if so,

viii. Whether Plaintiffs and the other members of the Class are entitled to injunctive and/or declaratory relief.

The commonality requirement is easily satisfied here because the legal and factual questions arising from Defendants' actions do not vary from one class member to the next. Defendants terminated the lawful parole status of every member of the Class *en masse* and provided no explanation specific to any member. The legal solution to each Class Members' harm

is identical: restoration of the *status quo ante*, under which each Class Member's parole and employment authorization get restored for its original duration, or until the agency conducts the required case-by-case analysis.

Because all members of the class face a common problem and their harm would be abated through common relief, the commonality requirement under Rule 23(a)(2) is satisfied.

### III. The Proposed Class Meets Rule 23(a)(3) Requirements Because the Claims and Defenses of the Representatives are Typical of Those of the Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The representative plaintiff satisfies the typicality requirement when its injuries arise from the same events or course of conduct as do the injuries of the class and when plaintiff's claims and those of the class are based on the same legal theory." *In re Credit Suisse-AOL Sec. Litig.*, 253 F.R.D. 17, 23 (D. Mass. 2008). "The typicality requirement 'is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals.'" *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 78 (D. Mass. 2005) (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 531 (3d Cir. 2004)).

Like the members of the proposed class, each Proposed Class Representative received parole after completing an appointment made through the CBP One App, and undergoing inspection by a border agent, and DHS unlawfully terminated each proposed class representative's parole and work authorization in April 2025 without any individualized determination. *See* Compl. at ¶¶ 9-11. As such, each Proposed Class Representative seeks the same relief: restoration of the status quo, including their parole and, if applicable, employment authorization.

10

### IV. The Proposed Class Meets Rule 23(a)(4) Requirements Because It Will Fairly and Adequately Protect the Interests of the Class

Rule 23(a)(4)'s adequacy requirement is met where the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). "The moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985).

First, the Proposed Class Representatives have claims that are the same as those of the proposed class, and accordingly seek the same remedies as the proposed class. Plaintiffs are not aware of any conflicts of interest within the proposed class. The undersigned counsel are also not aware of any conflicts of interest between members of the proposed class. The Proposed Class Representatives have demonstrated their commitment to vigorously prosecuting the action, including by remaining in regular contact with counsel, thus representing the interests of the class.

Proposed class counsel (i.e., the undersigned counsel) also satisfy Rule 23(a) and (g). *See* Fed. R. Civ. P 23(g) (reciting the standards for appointing class counsel). Under Rule 23(g), a court that certifies a class must also appoint class counsel and consider:

    i.    the work counsel has done in identifying or investigating potential claims in the action;
    ii.    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
    iii.    counsel's knowledge of the applicable law; and
    iv.    the resources that counsel will commit to representing the class.

First, the undersigned counsel has performed significant work both identifying and investigating potential claims in the action. Second, as set forth in the attached declarations of

Melanie Chaput and Brian D. Netter, the undersigned counsel have decades of experience litigating complex civil litigations, claims under the APA, and federal class actions, including pursuant to Rule 23(b)(2). *See* Declaration of Melanie Chaput ("Chaput Decl.") ¶¶ 3, 15, 19; Declaration of Brian D. Netter (Netter Decl.") ¶¶ 5, 6, 8, 10. Third, the undersigned counsel include attorneys who are experienced legal advocates for immigrant and migrant rights, and who have deep knowledge of the relevant laws and regulations concerning humanitarian parole under the relevant statute of the INA, 8 U.S.C. § 1182(d)(5)(A). *See* Chaput Decl. ¶ 3, 15, 19. Fourth, the undersigned counsel have committed and will continue to commit significant resources to representing the proposed class and are prepared to continue zealously representing the Class Representatives and all proposed class members throughout all stages of this litigation through trial. *See* Chaput Decl. ¶ 22; Netter Decl. ¶¶ 11, 12.

### V. The Proposed Class Satisfies Rule 23(b)(2) Requirements Because Classwide Injunctive or Declaratory Relief is Appropriate

Because the proposed class satisfies the requirements under Rule 23(a), the Court should certify the proposed class if one or more of the requirements for maintaining a class action under Rule 23(b) are satisfied. Here, certification is most appropriate under Rule 23(b)(2) because Defendants have "act[ed] on grounds that apply generally to the [whole] class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart*, 564 U.S. at 360 (citation omitted). Such a class is inappropriate, however, when each class member "would be entitled to a different injunction or declaratory judgment . . . ." *Id.*

Classes challenging particular immigration practices are frequently certified under Rule 23(b)(2). *See, e.g.*, *Immigrant Defenders Law Ctr. v. Wolf*, No. 20-cv-09893 (C.D. Cal. Mar. 15, 2023); *D.V.D. v. DHS*, No. 25-cv-10676 (D. Mass. Apr. 18, 2025); *Doe v. Noem*, No. 25-cv-10495 (D. Mass. Apr. 14, 2025).

Here, the requirements under Rule 23(b)(2) are satisfied. Plaintiffs seek injunctive and declaratory relief in response to Defendants' mass termination of Class Members' parole. Any injunctive relief that addresses Defendants' conduct at issue would address all of Plaintiffs' claims as well as those of members of the proposed class. The appropriate remedy to this unlawful mass termination is uniform among all class members: restoration of the Class Members' parole and work authorizations.

Because all class members are victims of Defendants' unlawful and arbitrary and capricious conduct and all class members would benefit from the same injunctive and declaratory relief, Rule 23(b)(2)'s requirements are met.

## CONCLUSION

The Court should grant Plaintiffs' Motion.

Dated: August 12, 2025          Respectfully,

*/s/ Melanie M. Chaput*
Melanie M. Chaput (MA Bar No. 643470)
Heather Arroyo (MA Bar No. 698460)
Iris Gomez (MA Bar No. 201000)
MASSACHUSETTS LAW REFORM INSTITUTE
40 Court Street, Suite 700
Boston, MA 02108
Telephone: 617.357.0700
Facsimile: 617.357.0777
mchaput@mlri.org
harroyo@mlri.org
igomez@mlri.org

        Brian D. Netter (D.C. Bar No. 979362)
        Allyson R. Scher (D.C. Bar No. 1616379)
        Cortney Robinson Henderson (D.C. Bar No. 1656074)
        Democracy Forward Foundation
        P.O. Box 34553
        Washington, DC 20043
        (202) 448-9090
        bnetter@democracyforward.org
        ascher@democracyforward.org
        crhenderson@democracyforward.org

        *Counsel for Plaintiffs*