IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILEIRI DOE, on behalf of herself and all others similarly situated, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY et al.,<br><br>*Defendants*. | Case No. 1:25-cv-12245-ADB |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO FILE PSEUDONYMOUSLY**

The government's mass termination of Individual Plaintiffs' parole status jeopardized their basis for lawful presence in the United States. Disclosing Individual Plaintiffs' identities while they challenge that termination exposes them (and their friends and family) to the types of harm—deportation, removal, and harassment—that justify the use of pseudonyms in the First Circuit. And Defendants, based on their own concessions, have already demonstrated that they will not be prejudiced by anonymous proceedings. Considering the reasons provided in Plaintiffs' motion and supporting memorandum, Pls.' Mem., ECF No. 4-1, underscored here, and the "broad discretion" this Court enjoys "to identify the relevant circumstances in each case and to strike the appropriate balance between the public and private interests," Plaintiffs' motion to proceed under pseudonyms should be granted. *See Doe v. Massachusetts Inst. of Tech. (MIT)*, 46 F.4th 61, 70 (1st Cir. 2022).

   I.   **Plaintiffs' Circumstances Warrant the Use of Pseudonyms**

Individual Plaintiffs' circumstances meet three of the four categories, or "paradigms," the First Circuit considers when determining whether to proceed under pseudonym. *Id.* at 71-72. Namely, if Individual Plaintiffs' identities were exposed (1) Individual Plaintiffs fear retaliation, threats and harassment from the government and the public; (2) third parties—like Individual Plaintiffs' friends and family (including minors)—risk exposure to danger in their home countries

and targeted deportation efforts here; and (3) similarly situated individuals would be deterred from challenging the government's unlawful immigration enforcement efforts. ECF Doc. 4-1 at 2-5. Each of these circumstances could warrant anonymity on their own, but together they make a persuasive showing that Individual Plaintiffs' request should be granted.  *See id.* at 72 ("These paradigms are rough cuts, and it is possible that a party whose case for pseudonymity appears weak when each paradigm is analyzed separately may nonetheless make a persuasive showing when multiple paradigms are implicated.")

Individual Plaintiffs point to "reasonable fear[s] of severe harm" for themselves and others, *Doe 1-3 v. Mills*, 39 F.4th 20, 26 (1st Cir. 2022) that are anything but speculative.  Each of the Individual Plaintiffs has experienced harm and harassment in their native countries, Pls. Mem. at 4, where retaliation against family members and associates of those who have migrated to the United States is commonplace and likely to occur if Individual Plaintiffs' identities are exposed in this litigation.  In the United States, immigration enforcement efforts have escalated;[1] even courthouse hallways have been subjected to unprecedented tactics by law enforcement.[2]  Plaintiffs are not asking for "immunity" from lawful immigration policy and enforcement.  Rather, Individual Plaintiffs seek to avoid *targeted* immigration enforcement efforts by the government (for themselves, and others) as a result of participating in this litigation.  Proceeding under pseudonyms would provide that relief.[3]

---

[1] *See* U.S. Immigration and Customs Enforcement, *100 days of record-breaking immigration enforcement in the US interior*, (April 29, 2025), https://perma.cc/672Q-X2UV; *see also* American Immigration Council, *Mass Deportation: Analyzing the Trump Administration's Attacks on Immigrants, Democracy, and America*, (July 23, 2025), https://perma.cc/N5N6-6YQP.

[2] *See* U.S. Immigration and Customs Enforcement, *Civil Immigration Enforcement Actions In or Near Courthouses*, Policy No. 11072.4, (May 27, 2025), https://perma.cc/HU7N-HKPD; *see also*  Elizabeth Gyori & Simon McCormack, *How Trump and ICE are Weaponizing Courthouses*, NYCLU (Aug. 18, 2025), https://perma.cc/8HMQ-EJFH.

[3] Defendants' statement that the government will not retaliate against Individual Plaintiffs or their family and friends, Defs.' Opp'n, ECF No. 27 (Opp.) at 4 and 5, even if genuinely made, is unfortunately undependable in light of this Administration's actions in other cases. *See* Nicholas Riccardi & Regina Garcia Cano, *Trump Administration deports hundreds of immigrants even as a judge orders their removals be stopped*, The Associated Press (March 17, 2025), https://perma.cc/CA6S-497N; Ximena Bustillo & Jasmine Garsd, *Judge says Trump administration violated court order on third-country*

Defendants claim that "to the extent that Plaintiffs fear being deported," no future "injury" would incur from disclosure of their identities because any deportation or removal "would be based on Plaintiffs' lack of grounds to be lawfully present in the United States." Opp. at 5. This concedes the point. Individual Plaintiffs are challenging the very government action—the termination of their parole—that has led to their alleged "lack of grounds to be lawfully present in the United States." Removing or deporting Individual Plaintiffs on the basis that their parole has been (unlawfully) revoked is an extenuation of the injury Defendants caused when they terminated parole *en masse*, not a coincidental or unrelated happenstance. *See Doe v. Noem*, No. 1:25-CV-10495-IT, 2025 WL 990635, at *2 (D. Mass. Apr. 2, 2025) ("If this court ordered disclosure of Miguel Doe's identity, it would likely deter similarly situated individuals from litigating cases such as these, in which the perceived risk of proceeding without a pseudonym—deportation—is precisely the harm Plaintiffs seek to prevent by participating in the lawsuit.").

Courts in this Circuit frequently grant motions to proceed under pseudonym in challenges to immigration policies. *See Barbara v. Trump*, No. 25-CV-244-JL-AJ, 2025 WL 1904338, at *8 (D.N.H. July 10, 2025) ("Plaintiffs' status as putative class representatives strengthens their argument for proceeding under pseudonyms, at least in the present action. In putative class actions raising constitutional challenges, the public interest is not being able to identify any one Plaintiff, but in being able to follow the case to determine how the constitutional issues are resolved.") (cleaned up); *Doe v. City of Apple Valley*, No. 20-CV-499 (PJS/DTS), 2020 WL 1061442 (D. Minn. Mar. 5, 2020); *Doe v. Trump*, 766 F. Supp. 3d 266, 273 (D. Mass. 2025); *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 368 (D. Mass. 2025), *opinion clarified*, No. CV 25-10676-BEM, 2025 WL 1323697 (D. Mass. May 7, 2025), and *opinion clarified*, No. CV 25-10676-BEM, 2025 WL 1453640 (D. Mass. May

---

*deportations*, NPR (May 21, 2025), https://perma.cc/FL98-MDAD; Lindsay Whitehurst, Michael Casey, & Tim Sullivan, *Judge says Trump administration violated court order by deporting migrants to South Sudan*, PBS News (May 21, 2015) https://perma.cc/ZW9G-ETMQ.; Laura Romeo, Peter Charalambous, James Hill, Ely Brown, Armando Garcis, & Katherine Faulders, *Timeline: Wrongful deportation of Kilmar Abrego Garcia to El Salvador*, ABC News (Sept. 5, 2025), https://perma.cc/DH84-VBZ6 .

21, 2025), *reconsideration denied sub nom. D.V.D v. U.S. Dep't of Homeland Sec.*, 786 F. Supp. 3d 223 (D. Mass. 2025); *Doe v. U.S. Sec'y of State*, 707 F. Supp. 3d 142, 144 (D.N.H. 2023)("Because Doe falls within several of the paradigms set forth in *Doe v. Massachusetts Institute of Technology*, it is appropriate to grant his motion to proceed under a pseudonym."); and *Noem*, 2025 WL 990635; *but cf. MIT,* 46 F.4th at 70 (not an immigration policy or enforcement challenge).

## II. Defendants Are Not Prejudiced by Anonymous Proceedings

Defendants concede that the government did not make individualized assessments when "terminating parole for individuals who were paroled after scheduling appointments for inspection under the CBP One app." Opp'n to Pls.' Mot. For Class Cert., ECF No. 28 (Opp. to Class Cert.) at 5-6. Instead, "[p]ursuant to the January 20, 2025, Memo from Benjamine Huffman, Acting Secretary of DHS, entitled "Exercising Appropriate Discretion Under Parole Authority" ("Huffman Memo"), CBP reviewed the process whereby many aliens arriving at a POE pursuant to a CBP One appointment were paroled into the United States" and "determined that this categorical parole program was not strictly in accord with the text and structure of 8 U.S.C. § 1182(d)(5)."[4] *Id.* at 6. As a result, Defendants do not need any identifying information about Individual Plaintiffs or any prospective class member to defend the lawfulness of DHS's determination, because that determination was based *solely* on whether individuals used the CBP One application for scheduling. *See also Noem*, 2025 WL 990635 at 3 ("The value for Defendants in learning information about Miguel Doe in defending Plaintiffs' legal challenge is extremely limited. The motions for preliminary injunctions and stays raise facial challenges to broad, categorical immigration policies and actions taken by Defendants, and the potential harms of such actions—and thus the potential bases for standing, likelihood of success, and most of the prerequisites for class certification—are not specific to any individual Plaintiff, including Miguel Doe.")

---

[4] Although the Huffman memo characterized the parole granted to Plaintiffs and the class as "categorical," the fact that parole was granted after Plaintiffs and the class used CBP's scheduling application did not convert the parole status granted to each of them into some kind of "categorical" parole program that conflicted with 8 U.S.C. § 1182(d)(5); and Plaintiffs object to other similar characterizations in Defendants' opposition to class certification

Contrary to Defendants' contentions, it is the Individual Plaintiffs, and not the government, who would be prejudiced without anonymous proceedings.  Disclosing Individual Plaintiffs' identities gives the government a dangerous opportunity to create impermissible post-hoc rationales for the termination of Individual Plaintiffs' parole status.  *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1909 (2020) ("The basic rule here is clear: An agency must defend its actions based on the reasons it gave when it acted.")  Again, any newly found reason Individual Plaintiffs' status *could* have been terminated is irrelevant, as Defendants concede that the government's decision to terminate parole *en masse* was made because Plaintiffs used the CBP One application, not individualized assessments of parole.

Additionally, having already presented challenges to Plaintiffs' standing and subject matter jurisdiction and theories of issue preclusion in their class certification opposition, Opp. to Class Cert., Defendants have shown that the government does not need to know the Individual Plaintiffs' identities to defend themselves at this stage of litigation.  The parties' agreed-to, expedited summary judgment schedule also implies that Defendants are prepared to proceed quickly, regardless of whether they have any additional information about Individual Plaintiffs.  Nevertheless, if this Court determines that Defendants require "minimal identifying information about each of the named plaintiffs (name, date of birth and A-Number)," Opp. at 6, now, that information should be available, for limited purposes, only to counsel under a protective order (*i.e.* for "attorneys' eyes only").

## CONCLUSION

For the reasons set forth above and in Plaintiffs' motion, Individual Plaintiffs respectfully request that the Court grant their request to proceed under pseudonyms.

Dated: October 9, 2025

Respectfully,

/s/ Cortney Robinson
Brian D. Netter* (D.C. Bar No. 979362)
Allyson R. Scher* (D.C. Bar No. 1616379)
Cortney Robinson* (D.C. Bar No.1656074)
Democracy Forward Foundation

P.O. Box 34553
Washington, DC 20043
(202) 448-9090
bnetter@democracyforward.org
ascher@democracyforward.org
crhenderson@democracyforward.org

*Admitted pro hac vice*

Melanie M. Chaput (MA Bar No. 643470)
Heather Arroyo (MA Bar No. 698460)
Iris Gomez (MA Bar No. 201000)
MASSACHUSETTS LAW REFORM
INSTITUTE
40 Court Street, Suite 700
Boston, MA 02108
Telephone: 617.357.0700
Facsimile: 617.357.0777
mchaput@mlri.org
harroyo@mlri.org
igomez@mlri.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that this document was filed via the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: October 9, 2025          By: /s/ *Cortney Robinson*
                   Cortney Robinson

                   *Counsel for Plaintiffs*