UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILEIRI DOE,<br>MERYEM DOE, and<br>OLIVIA DOE,<br>on behalf of themselves and all others similarly situated, and<br>VENEZUELAN ASSOCIATION OF MASSACHUSETTS,<br><br>                    Plaintiffs,<br><br>          v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services, and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection.<br><br>                    Defendants. | Civil Action<br>No. 1:25-cv-12245-ADB |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' COMBINED OPPOSTION**

Defendants submit this Reply brief in further support of their Motion to Dismiss and Cross-Motion for Summary Judgment and in opposition to Plaintiffs' Combined Opposition to Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment ("Pl. Opp."). (ECF Doc. 43).

Defendants hereby incorporate the Background, Procedural History and legal arguments set forth in their Memorandum of Law in Support of Defendants' Consolidated Memorandum of Law in

support of Defendants' Motion to Dismiss, Defendants' Cross-Motion for Summary Judgment, and in

Opposition to Plaintiffs' Motion for Summary Judgment (Def. Consolidated Mem.) (ECF Doc. 40).

<u>**ARGUMENT**</u>

The central point in this case, and one that Plaintiffs seek to avoid, is that the Department of

Homeland Security (DHS) has discretionary authority over (1) whether to grant parole to inadmissible

applicants for admission and release them into the interior in lieu of otherwise mandatory immigration

detention, and (2) whether and when to terminate that parole.

Discretionary decisions of the Attorney General or the Secretary of Homeland Security are

not reviewable by this Court under Section 1252(a)(2)(B)(ii) of Title 8 of the United States Code

which provides as follows:

> **B) Denials of discretionary relief**
> Notwithstanding any other provision of law (statutory or nonstatutory), including section
> 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such
> title, and except as provided in subparagraph (D), *and regardless of whether the judgment,
> decision, or action is made in removal proceedings*, no court shall have jurisdiction to
> review—
>
>> **(i)** any judgment regarding the granting of relief under section
>> 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
>> **(ii)** *any other decision or action of the Attorney General or the Secretary of
>> Homeland Security the authority for which is specified under this subchapter to be in
>> the discretion of the Attorney General or the Secretary of Homeland Security*, other
>> than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphases added).

Congress has placed the authority to terminate parole in the Secretary's discretion.  The

parole statute explicitly provides that the Secretary may terminate parole when she determines, in

her "opinion," that the "purposes" of parole "have been served." 8 U.S.C. § 1182(d)(5)(A)[1]; *see*

---

[1] Section 1182(d)(5)(A) provides:  "The Secretary of Homeland Security may . . . in h[er] discretion
parole into the United States temporarily under such conditions as [s]he may prescribe only on a

*also Bouarfa v. Mayorkas*, 604 U.S. 6, 13–14 (2024) (determining that statutory language that Secretary may revoke visa approval "for what he deems to be good and sufficient cause" denotes discretion).

## I.   The Court Lacks Jurisdiction

### A.   The INA's Jurisdiction-Stripping Statute Applies

Because Congress has, by statute, 8 U.S.C. § 1182(d)(5)(A), granted discretionary decision-making power to the Secretary of Homeland Security to grant and terminate parole; this Court lacks jurisdiction over Plaintiffs' claims under the jurisdiction-stripping statute, 8 U.S.C. § 1252(a)(2)(B)(ii).   *See Kucana v. Holder*, 558 U.S. 233, 247-48 (2010) ("Congress barred court review of discretionary decisions only when Congress itself set out the Attorney General's discretionary authority in the statute.").[2]

Plaintiffs' attempt to distinguish *Kucana* by arguing that "there is no statute that commits to the agency's discretion the authority to terminate parole *en masse*" should be rejected.  First, Plaintiffs are the ones who characterize their parole terminations as "en masse," but they do not provide any support for this conclusion.  Second, even if their parole terminations were conducted "en masse," Section 1182(d)(5)(A) does not specify whether or not parole terminations must be done

---

case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other application for admission to the United States."  8 U.S.C. § 1182(d)(5)(A).

[2] Plaintiffs cite *Kucana* for the proposition that there is a strong presumption in favor of judicial review of executive action.  (ECF Doc. 43).  In *Kucana,* the Court found that a regulation alone would not dislodge such a presumption.  *Kucana,* 558 U.S. at 252.  In the present case, the presumption of judicial review is rebutted by the statute 8 U.S.C. § 1182(d)(5)(A), which clearly provides the DHS with discretionary decisionmaking power over parole grants and terminations.

on an individual basis.  Notably, in *Svitlana Doe v. Noem*, 152 F.4th 272, 286 (1st Cir. 2025), the First Circuit held that the parole statute does not require terminations of parole to be done on a case-by-case basis.  As pointed out by the First Circuit, the plain language of the statutory text "favors an interpretation that the 'case-by-case' requirement only limits the Secretary's discretion to *grant* parole."  *Id.* (emphasis added).  Accordingly, the jurisdiction-stripping statute, Section 1252(a)(2)(B)(ii), applies here, and this Court lacks jurisdiction to review Plaintiffs' complaint.

Plaintiffs seek to avoid the jurisdiction-stripping statute and Section 1182(d)(5)(A)'s clear grant of discretionary authority over parole decisions to DHS by arguing that Plaintiffs are not challenging the Secretary's discretionary decision to terminate parole when she finds that "the purposes of such parole . . . have been served," and instead, that they "challenge DHS's *en masse* termination of parole of an arbitrary class of noncitizens based solely on their use of the CBP One app."  (Pl. Opp. (ECF Doc. 43) at 9).

However, Plaintiffs lack standing to challenge the alleged "en masse termination of parole" for "an arbitrary class."   Plaintiffs represent only themselves, at least at this stage.  Their Motion to Certify a Class of "[a]ll individuals who (i) scheduled their appointments for entry to the United States using the CBP One app; (ii) were paroled into the United States between May 16, 2023 and January 19, 2025; (iii) had their parole terminated in April 2025; and (iv) remain in the United States," (ECF Doc. 5-1 at 9), has been opposed by Defendants (ECF Doc. 28) and remains pending. At most, Plaintiffs can challenge the terminations of their own individual paroles.  Plaintiffs rely on nothing more than their en masse termination argument to attempt to skirt around the DHS discretionary decision to terminate.

Fundamentally, because Plaintiffs are proceeding pseudonymously, it is impossible for Plaintiffs to provide support for, and for Defendants to defend against, Plaintiffs' assertion that their parole was terminated only as part of an "en masse" termination, and that their parole

4

terminations were done outside of DHS's discretionary determination that the purpose of their parole had been served.  The facts of each alien's immigration history and status can differ greatly. While Plaintiffs may share the common factor of having initially presented at a Port of Entry after having made an appointment on the CBP One App, there are multiple different reasons why they each may have been granted parole, and likewise, many varying reasons why the purpose of their parole may have been served and their parole may have been terminated.  Defendants would require information about Plaintiffs' individual identities to provide the Court with specifics on why their respective paroles were terminated. For that reason, Defendants have opposed Plaintiffs' Motion to Proceed Pseudonymously, (ECF Doc. 27), which also remains pending.  Without more information about the specific circumstances of each individual Plaintiff, this Court cannot conclude, as Plaintiffs urge it do, that Plaintiffs' paroles were terminated arbitrarily and capriciously as part of an "en masse" termination.

Plaintiffs allege that they are challenging not case-specific parole adjudications but "DHS's categorical policy decisions."  (ECF Doc. 43 at 9).   Plaintiffs however have pointed to nothing in the record supporting their theory that DHS undertook a "categorical policy decision" in this case. Plaintiffs have alleged that the individual pseudonymous plaintiffs as well as unnamed members of Venezuelan Association of Massachusetts ("VAM") have had their parole terminated. However, their challenge is currently limited to the termination of their own paroles (as well as attempting to represent a putative class).

### B.  The APA Forecloses Judicial Review

The APA provides a second independent ground to conclude that review is foreclosed.  The parole terminations are "agency action  . . . committed to agency discretion by law."  5 U.S.C. § 701(a)(2).

Plaintiffs appear to argue that in exercising her discretionary authority in terminating parole

under 8 U.S.C. § 1182(d)(5)(A), the Secretary of Homeland Security was required to spell out her opinion as to why the purposes of parole have been served.   However, the statute itself imposes no such requirement.   Instead, Section 1182(d)(5)(A) gives the Secretary discretion to terminate parole whenever, in her opinion, "the purposes of such parole shall . . . have been served."   Because the grounds for parole termination hinge on the Secretary's own subjective opinion and the statute is broadly drawn, there is no basis for judicial review.

The Supreme Court's opinion in *Webster v. Doe*, 486 U.S. 592, 600 (1988), is instructive. In that case, the plaintiff had brought APA claims against the Director of the CIA, alleging that he was fired because of his homosexuality.   The Court held that the Director's decision to discharge the employee was not subject to judicial review under Section 701(a)(2), given that Section 102(c) National Security Act of 1947 authorized the CIA Director "in his discretion" to terminate the employment of any CIA employee "whenever he shall deem such termination necessary or advisable in the interests of the United States."   *Id*. at 592.   The Court noted that under Section 701(a)(2), "even when Congress has not affirmatively precluded judicial oversight, 'review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'"   *Id*. at 600 (quoting *Heckler v. Chaney*, 470 U.S. 821 (1985)).

So too, in the present case, the Secretary of Homeland Security has broad discretionary authority to terminate parole whenever, in her opinion, the purposes of such parole have been served. There is no meaningful standard by which a court would be in a position to judge the Secretary's exercise of discretion.  Thus, this is just the type of situation where, as in *Webster,* Section 701(a)(2) provides that the agency's discretionary decision is not subject to judicial review.

### C. Plaintiffs Lack Standing

As set forth in Defendants' Consolidated Memorandum, even if the novel doctrine of associational standing were applied here, Plaintiff VAM has failed to show associational standing.

6

(ECF Doc. 40 at 10-11).[3] Plaintiffs submitted only the Declaration of Carlina Velasquez, the President of VAM, (ECF Doc. 32-7), which states that VAM has nearly 20,000 members who include "U.S. citizens, legal permanent residents, individuals with other forms of immigration status, and individuals without any immigration status," (ECF Doc. 32-7 ¶ 5). VAM also includes members who are not of Venezuelan origin nor have Venezuelan heritage. (ECF Doc. 32-7 ¶ 6). The Declaration provides information on several anonymous members known only as "VAM Member A," "VAM Member B," and "VAM Member C," without stating the source or basis for any of the information. Given this bare information, without any identifiers, Defendants are unable to determine the immigration histories of any of VAM members and cannot even confirm if they are even in the United States or if they were paroled into the U.S. after presenting at the port of entry with a CBP One appointment.

In other words, Plaintiff VAM is unable to show that its members have standing to sue in their own right, a key prerequisite to associational standing.

## II. Plaintiffs' APA Claims Fail

Even if the Court were to exercise jurisdiction over this case, Plaintiffs have failed to show that the terminations of Plaintiffs' paroles were either contrary to law or arbitrary and capricious.

### A. Terminations Not Contrary to Law

In their Opposition brief, Plaintiffs repeat their unsupported allegations that Defendants "categorically" "modified" the terms of Plaintiffs' parole without making the "required determination" that the purposes of parole have been served.

As an initial matter, Plaintiffs have not shown an "en masse" or "categorial" termination of

---

[3] While Defendants do not contest the individual Plaintiffs' standing as to their own parole terminations, Defendants do challenge Plaintiffs' standing to challenge the so-called "en masse terminations" or any alleged "policy" of concerning such terminations on behalf of a putative class that to date has not been certified.

parole.  The individual Plaintiffs have alleged that their own paroles have been terminated, which is the subject of this lawsuit.  However, even if terminations were done "en masse," this does not run afoul of the INA, specifically the parole statute.

       1.   The Parole Statute Does Not Require Individualized Terminations of Parole

In the First Circuit's recent decision in *Svitlana Doe v. Noem*, 152 F.4th 272 (1st Cir. 2025), which is discussed at length in Defendants' Consolidated Memorandum, (ECF Doc. 40 at 11-12), the First Circuit held that the parole statute does not require terminations of parole to be done on a case-by-case basis.  Thus, even if the Court were to accept Plaintiffs' argument that terminations were "en masse" in this case, such a situation would not be contrary to law according to the First Circuit.

In their attempt to distinguish *Svitlana Doe* from the present case, Plaintiffs continue making the contorted argument that their parole was "modified" rather than terminated.  (ECF Doc. 43 at 22).  This characterization makes no sense – Plaintiffs point to no terms of their parole that were modified, or what modifications were made.  Instead, Plaintiffs surmise that, in order to terminate their parole, the Secretary must have altered the conditions of individuals' parole and then concluded that Plaintiffs no longer met the new conditions.  (ECF Doc. 43 at 22).  Not so.  The Secretary need do nothing more to terminate parole than determine, in her opinion, that the purposes of parole have been served.  Plaintiffs make another run at a "modification" argument by alleging that the modification was changing the duration of each grant of parole.  (ECF Doc. 43 at 22).  This is an odd reframing of a much more straightforward description of what happened: their parole was terminated. *Svitlana Doe* clearly applies to the present case, and Plaintiffs' attempt to distinguish that case fails.

Plaintiffs also repeat their argument, unsupported by statute, that the Secretary was required to memorialize in writing the reasons why, in her opinion, the purposes of parole have been served.  (ECF Doc. 43 at 20-21).   The statute contains no requirement that the Secretary record the bases of her decisions to terminate parole.  Plaintiffs point to no evidence – only speculation – that because the

record does not contain a written record of the reasons for parole termination spelled out in writing for each individual Plaintiff[4] – that this means the Secretary did not undertake the determination of whether the purposes of parole have been met. Plaintiffs' speculative conclusion should be rejected.

2.  The Parole Terminations Comport with DHS Regulations.

As set forth in Defendants' Consolidated Memorandum, (ECF Doc. 40 at 14-16), the relevant DHS regulation, 8 C.F.R. § 212.5(e), provides that once "the purpose for which parole was authorized" or "when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, *parole shall be terminated upon written notice to the alien*." 8 C.F.R. § 212.5(e)(2)(i) (emphasis added). According to the plain text of this regulation, the written notice simply needs to advise the alien that his/her parole is being terminated.

As far as Defendants are aware, such written notices were provided. Plaintiffs allege that some individuals such as Meryem Doe did not receive written notice, but Defendants are unable to confirm or rebut this allegation of fact, given that Plaintiffs refuse to provide Meryem Doe's identifying information, and Defendants are unable to look up her immigration history.

Plaintiffs' argument that the terminations of their parole violate DHS regulations because there was no written memorialization of the reason why parole was terminated (ECF Doc. 43 at 22-23) fails. Nothing in the statute or regulations requires such a written memorialization of the reasons for parole termination. Instead, the determination that the purposes of parole have been served is implicit in the discretionary and unreviewable decision to terminate.

---

[4] Even if such written reasons existed, they would not be available in the administrative record, since Defendants have not been given access to any of the Plaintiffs' identifying information and therefore cannot pull their immigration histories.

**B. Terminations Not Arbitrary and Capricious**

Plaintiffs repeat their argument that the parole terminations were arbitrary and capricious because they were not supported by reasonable explanations.  (ECF Doc. 43 at 16).

However, as set forth in Defendants' Consolidated Memorandum, DHS may terminate parole at its discretion at any time, when, in the opinion of the Secretary, the purpose of the parole has been served.  *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2)(i); SDEO0039.  Moreover, in this case, DHS has provided sufficient explanations for its terminations of parole in this context, and its decision to do so was not arbitrary and capricious.   As Plaintiffs raise no new arguments in their Opposition brief, Defendants will not repeat the arguments it has made previously and refers the Court to its Consolidated Memorandum.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Summary Judgment and grant Defendants' Motion to Dismiss or grant Defendants' Cross-Motion for Summary Judgment.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney


Dated:  December 11, 2025                    By:    */s/ Shawna Yen*
                                                    Shawna Yen Assistant U.S. Attorney
                                                    U.S. Attorney's Office
                                                    John J. Moakley U.S. Courthouse
                                                    1 Courthouse Way, Suite 9200
                                                    Boston, MA 02210
                                                    Tel.: 617-748-3100
                                                    Email: Shawna.Yen@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  December 11, 2025

By:    */s/ Shawna Yen*
        SHAWNA YEN
        Assistant U.S Attorney

11