# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SILEIRI DOE, on behalf of herself and all others similarly situated, et al.,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY et al.,

*Defendants*.

Case No. 1:25-cv-12245

## DECLARATION OF OLIVIA ABRECHT
## IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE COMPLIANCE

I, Olivia Abrecht, make this declaration based on my personal knowledge.  I declare under penalty of perjury that the following is true and correct:

1.      I am a Senior Attorney on the Detention Team at the National Immigrant Justice Center ("NIJC").  I am over the age of 18 and competent to make this declaration.

2.      NIJC is a non-profit legal services organization headquartered in Chicago, Illinois. Its mission is to establish and defend the legal rights of immigrants regardless of background and transform the immigration system to one that affords equal opportunity for all.

3.      As part of my role at NIJC I provide direct representation to immigrants seeking asylum and other forms of relief in the United States.

4.      I became aware of this Court's March 31, 2026 Order shortly after it was issued.

5.      I currently represent an individual who was paroled into the United States pursuant to an appointment with CBP One in November 2024.  This client's parole was valid for two years, until November 2026, but this date was subsequently updated to April 2025 on the client's I-94. My client believes that he received the mass termination email but we cannot confirm this because he is detained and has no access to his email. In January 2026, my client was taken into custody at a scheduled ICE check-in and is currently detained under ICE's authority at a county jail in Kentucky.

6.      Upon becoming aware of this Court's Order, I reached out to my client's supervisory detention and deportation officer to advise that my client is a class member and that his parole was unlawfully terminated, and to request his release from detention.  The deportation officer elevated my request to the Office of the Principle Legal Advisor.

7.      On the afternoon of April 8, 2026, I spoke by telephone to a different supervisory detention and deportation officer, who advised that my client would be released the next morning. I began to prepare for my client's release and to arrange transport for him to return to his home in Illinois.

8.      Around 8:30 pm, I received an email from the supervisory officer informing me that OPLA was "taking a deeper look" at my client's case.

9.      The next morning, the supervisory officer informed me that OPLA had instructed him to "hold the release."  I reiterated my request for release and offered to speak to OPLA myself. OPLA never communicated with me, and I have received no further information regarding my client's release from ICE.

10.      On April 17, 2026, pro-bono counsel  filed an amended petition for writ of habeas corpus seeking my client's release from detention based on this Court's March 31 Order.  The

habeas petition is fully briefed and pending a decision from the U.S. District Court for the Western District of Kentucky.

11.     My client remains detained.  He never received any notification of the vacatur of the termination of parole or any evidence that his parole was ever restored.

Signed under pains and penalty of perjury, this 5th day of May 2026.

Olivia Abrecht