# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

SILEIRI DOE, on behalf of herself and all
others similarly situated, et al.,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY et al.,

*Defendants*.

Case No. 1:25-cv-12245

**DECLARATION OF JORGE MUNOZ SUBMITTED IN SUPPORT OF PLAINTIFFS'
MOTION TO ENFORCE COMPLIANCE**

I, Jorge Muñoz, make this declaration based on my personal knowledge.  I declare under penalty of perjury that the following is true and correct:

1.      I am the founder and managing attorney of Jorge Munoz Law Firm, LLC.  I practice immigration law and have offices in both Houston, Texas, and North Charleston, South Carolina.  I submit this declaration in support of the Plaintiffs' motion to enforce compliance.

2.      I currently represent two *Sileiri Doe* class members in habeas corpus petitions challenging their unlawful ICE detention and seeking their immediate release from ICE custody.  The two class members that I represent are a married couple who entered the United States in November of 2024 after having scheduled an appointment through the CBP One application and were paroled into the United States.  In April of 2025, they received an email substantially similar to the one reproduced at paragraph 38 of the Complaint terminating their lawful parole status without any rationale and without even a statement that the conditions for terminating their parole

had been met.  The email did not offer an opportunity to respond or challenge the termination. They have remained in the United States since their lawful entry in November of 2024.

3. Both of these clients were arrested by ICE on January 10, 2026 during Operation Metro Surge in Minnesota.  They were detained in two different ICE detention facilities in different states and different jurisdictions.  One is currently detained in New Mexico and the other is detained in Texas.

4. I have filed habeas corpus petitions for both *Sileiri Doe* class members in their respective jurisdictions.  In each habeas corpus proceeding, I have raised this Court's order issued in *Sileiri Doe* vacating their unlawful termination of parole.

5. Respondents in the habeas corpus petition filed in the District of New Mexico include the local ICE Field Office Director and the Warden of the Cibola County Correctional Center, where my client is detained.

6. In this habeas corpus proceeding, Respondents had initially argued that my client's parole had expired prior to his arrest, but withdrew their position and confirmed that he had been granted parole until November 13, 2026.

7. In their filing on April 14, 2026, Respondents asserted that my client's parole had been terminated through mass email in April 2025 and therefore my client's parole was expired on the date that my client was detained, and remained expired.  Respondents did not acknowledge that the Court vacated the April 2025 parole terminations in *Sileiri Doe* two weeks earlier.  Rather, Respondents referred to "ongoing litigation regarding the CBP One program" in a footnote without identifying *Sileiri Doe v. DHS* by name and without acknowledging any decision in the case.  To date, they have not acknowledged that my client's parole had ever been restored.

2

8. ICE continues to detain both *Sileiri Doe* class members I represent. They have remained continuously in ICE custody since the date of their ICE arrest in January of 2026. Neither client received any notification of the vacatur of the termination of parole or any evidence that their parole had ever been restored.

Signed under pains and penalty of perjury, this 5th day of May 2026.

*/s/ Jorge Munoz*
Jorge Munoz, Esq.

3