# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,

      Petitioner,

      v.                                     No. ▮▮▮▮▮▮▮▮▮▮▮

MARY DE ANDA-YBARRA, et. al,

      Respondents.

### **RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

On ▮▮▮▮▮▮▮ 2023, Petitioner illegally entered the United States. He was granted humanitarian relief, which was later revoked. Petitioner is currently being held in the District of New Mexico and has not received a bond hearing.

Respondents have carefully reviewed this petition and determined that the legal issues presented concern the statutory authority for ICE's detention of Petitioner under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a), whether Petitioner is entitled to a bond hearing, and whether Petitioner must first exhaust his administrative remedies before applying to this Court. While reserving all rights, including the right to appeal, Respondents respectfully submit this abbreviated response in lieu of a formal responsive memorandum of law to preserve the legal issues, to conserve judicial and party resources, and to expedite the Court's consideration of this matter. If the Court prefers to receive a formal memorandum of law, Respondents will be happy to submit one upon request.

Respondents' position is that Petitioner is correctly classified as an "applicant for admission" under Section 1225(b)(2)(A) based on the plain language of that statute. 8 U.S.C. § 1225(b)(2)(A). However, Respondents acknowledge that this Court recently reached the opposite conclusion in *Patel v. Noem*, No. 1:25-CV-01261-KG-GBW, 2026 WL 103163 (D.N.M. Jan. 14, 2026) on facts substantially similar to those currently before the Court. This Court, following the

rationale of other courts that have addressed the issue, including others in this District, concluded that the petitioner's detention was not governed by § 1225, and that his detention was instead pursuant to § 1226. *See Patel v. Noem*.

On the legal issue of which statute governs Petitioner's detention here—whether it is 8 U.S.C. § 1226(a), or 8 U.S.C. § 1225(b)—Respondents acknowledge that this Court's decision in *Patel v. Noem,* would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention.[1]

Thus, while Respondents do not consent to issuance of the writ and reserves all rights, including the right to appeal, and to conserve judicial and party resources while expediting the Court's consideration of this case, Respondents hereby rely upon, and incorporate by reference, the legal arguments presented in *Patel v. Noem*, and the Court can decide this issue without further briefing.

Petitioner's reliance on *Doe v. United States Department of Homeland Security*, Civil Action No. 25-cv-12245-ADB, 2026 WL 880442 (D. Mass. Mar. 31, 2026) is misplaced. While *Doe* did decide that the parole revocation of persons like Petitioner was unlawful for purposes of that class action case, the district court's decision is neither binding nor applicable here and presents no basis for granting the petition.

---

[1] The Fifth and Eighth Circuits recently addressed the same issue in which it held that individuals like the Petitioner are subject to mandatory detention under § 1225(b)(2)(A). *See Buenrostro-Mendez v. Bondi et al.*, --- F.4th---, 2026 WL 323330 (5th Cir. 2026); *Avila v. Bondi et al*, --- F.4th ---, (8th Cir. 2026) (available at https://ecf.ca8.uscourts.gov/opndir/26/03/253248P.pdf). While Respondents recognize that the Fifth or Eighth Circuit's holdings are not binding on this Court, they nonetheless alert the Court to this decision as persuasive authority that may influence the Court to reconsider its position on this issue. The Second Circuit has also recently ruled on the topic, finding that such petitioners are not subject to mandatory detention but rather are entitled to a bond hearing or other relief. *Cunha v. Freden*, ___ F.4th ___, 2026 WL 1146044 (2nd Cir. 2026).

First, the *Doe* declaratory judgement is void with respect to petitioners and custodians outside the District of Massachusetts because it was issued despite a palpable lack of jurisdiction.[2] The U.S. Immigration Court is still, as of the filing of this motion, bound to the precedent set by *Hurtado*. Second, the Court should not give preclusive effect to a judgment that may be appealed, creating a serious risk of inconsistent judgments and unfair results if the judgment is reversed or vacated on appeal. For these reasons, the recent judgment in *Doe* is not binding on this court and provides no basis upon which to grant Petitioner any relief.

To the extent Petitioner relies on claims under the Fifth Amendment, unlawful denial of reason on bond, APA violations, or the applicability of the Larkin Rile Act, the United States submits that these claims lack merit or are ultimately not relevant as this Court has already decided the reasons why Petitioner is entitled to a bond hearing. Finally, Petitioner's EAJA claim is premature, as there has been no "prevailing party" as required by statute.

---

[2] The Supreme Court has imposed two fundamental limits on federal court jurisdiction over core habeas claims. *First*, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also J.G.G.*, 604 U.S. at 672. *Second*, a habeas petitioner must name the petitioner's *immediate* custodian—*i.e.*, the custodian who has actual custody over the petitioner and can produce the "corpus." *Padilla*, 542 U.S. at 435. Thus, a federal district court is wholly without authority to issue the writ in favor of a habeas petitioner who seeks habeas relief in a judicial district in which he is not confined, and the immediate custodian is not located. *Padilla*, 542 U.S. at 442-43. And a "judgment entered without personal jurisdiction over a defendant is void as to that defendant." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987). Given that a challenge to the legality of detention is a core habeas claim, class-wide declaratory relief is inappropriate in the habeas context. A class-wide declaratory judgment imposed from outside the district of confinement cannot be squared with the district-of-confinement requirement of habeas, where the relief is an order of release, 28 U.S.C. § 2241(a), not a declaration of legal rights that can later be enforced. *See Calderon*, 523 U.S. at 747 (1998); *Fusco*, 2019 WL 13112044, at *1. Here, the vast majority of *Bautista* "class members" are confined *outside* of the Central District of California by immediate custodians who are also *outside* the Central District of California and have not been named in the lawsuit. Therefore, the *Bautista* court lacked jurisdiction to issue habeas relief to all class members who are confined outside the Central District of California by immediate custodians outside that District, and a court's judgment cannot be binding and preclusive against a party over which it lacked jurisdiction. *Burnham v. Superior Court of Cali.*, 495 U.S. 604, 608 (1990).

**A Bond Hearing is the Correct Remedy, not Direct Release by Article III Judge**

In his request for relief, Petitioner asks he be immediately released or that a bond hearing be held. Contrary to Petitioner's assertion, the only proper remedy in this case is not release, but a bond hearing in immigration court. The Court should decline Petitioner's invitation to circumvent the U.S. Immigration Court in this way, particularly as §1226 determinations (the bond hearing which Petitioner is seeking) are not subject to judicial review. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); See also Demore v. Kim, 538 U.S. 510, 516 (discussion regarding challenges to discretionary decisions that are barred under §1226(e) and challenges to statutory framework as a whole permitting detention without bail that are not barred under §1226(e)). Whether or not to grant release or bond under §1226 would be a discretionary decision, barred from judicial review under §1226(e). Id. It would make little sense for Congress' clear intent to be so easily thwarted by proactive habeas filings demanding immediate release from federal courts, without an evidentiary review conducted by the U.S. Immigration Court as intended by § 1226.

Finally, the government believes that this matter can be decided without a hearing. If, however, the Court determines that a hearing would be helpful, the government will attend and present Respondent's position.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

*/s/ Michael R. Pahl filed 05/15/26*
MICHAEL R. PAHL
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 382-0554
Michael.pahl@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2026, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following opposing to be served by ECF.

*/s/ Michael R. Pahl filed 05/15/26*
MICHAEL R. PAHL
Assistant United States Attorney