**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SILEIRI DOE, MERYEM DOE, and OLIVIA DOE, on behalf of themselves and all others similarly situated, and VENEZUELAN ASSOCIATION OF MASSACHUSETTS,  Plaintiffs,  v.  U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, MARKWAYNE MULLIN,[1] in his official capacity as Secretary of the Department of Homeland Security, JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services, and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection.  Defendants. | Civil Action No. 1:25-cv-12245-ADB |

**DEFENDANTS' OBJECTIONS TO COURT'S PROPOSED ORDER**

Defendants, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit the following objections and requests for clarification of the Court's forthcoming Proposed Order, as set forth in its July 15, 2026, Memorandum and Order (ECF Doc. 67).

---

[1] Secretary of Homeland Security Markwayne Mullin has been automatically substituted for former Secretary Kristi Noem. Fed. R. Civ. P. 25(d).

On July 15, 2026, the Court denied Plaintiff's Motion to Compel but stated its intention to

enter the following order ("Proposed Order") in fourteen days, subject to modification upon the

Court's review of any objections filed by either party within ten days:

1. Defendants must identify all class members and determine whether each class member had pending asylum or other immigration proceedings that were affected by the unlawful parole terminations, including due to missed appointments.

2. For any class member whose asylum or other immigration proceedings were adversely affected by the unlawful parole terminations, Defendants must document their efforts to ensure that all adverse consequences—including, but not limited to, penalties or adverse decisions resulting from missed appointments and similar disruptions—have been undone.

3. Finally, Defendants must send the following notice to every class member in English and translated into the preferred language on file for that class member:

*This is an official government message. You are receiving this message because your immigration parole under 28 U.S.C. § 1182(d)(5)(A) was previously terminated by the federal government via mass email in April 2025. You are hereby notified that on March 31, 2026, the United States District Court for the District of Massachusetts held that the parole terminations by email in April 2025 did not follow the required procedure.*

*The April 2025 terminations of parole via mass email were unlawful and have no legal effect. The government cannot detain you on the basis that your parole was terminated by mass email in April 2025. The government must ensure that you did not suffer consequences in asylum proceedings or any other immigration proceeding as a result of the April 2025 terminations of parole via mass email.*

*Other than invalidating the April 2025 terminations of parole via mass email, the Court's decision did not limit the government's ability to terminate your parole, provided that the government follows the required procedure. This notice does not affect any other decision that the government may have made, either before or after March 31, 2026, to terminate your immigration parole, and it does not limit the government's ability to detain you or take any other lawful action against you on the basis that your parole has been lawfully terminated.*

4. Defendants shall provide weekly status updates indicating the steps that they are taking to comply with this order until the Court advises them that such updates are no longer necessary.

(ECF Doc. 67 at 6-7).

Defendants hereby respectfully submit their objections and requests for clarification of the Court's Proposed Order.

## A. As to Requirements (1) and (2)

Objection #1

The Proposed Order seems to presume that class members who were detained in or after April 2025 would not have been detained if they were in a valid period of parole, and that such detention was the cause of any subsequent missed appointments. However, DHS has broad discretion to enforce the immigration laws and could have detained the alien on an individual basis notwithstanding the mass parole terminations. An alien may be temporarily paroled into the United States on a case-by-case basis for an urgent humanitarian reason or a significant public benefit. As long as ICE detention does not obviate/impede the purpose of the Section 1182 parole (i.e., the specific urgent humanitarian reason or specific significant public benefit authorizing the alien's parole into the United States), nothing in the statutory or regulatory framework precludes the detention of paroled aliens.

Objection #2

For similar reasons noted above, it may be impossible or extremely difficult to determine with any accuracy whether other types of discretionary adverse actions—such as a denial of a benefit request—would have taken place "but for" the April 2025 parole terminations, as DHS has broad discretion to enforce the immigration laws and make decisions on discretionary benefit requests.

Moreover, it may not be possible to affirmatively identify every alien who may have been adversely impacted in some way due to the broad and vague substance of the order and without knowing what types of benefit determinations or other actions may be at issue. For example, USCIS could run a list of alien numbers against systems to determine if any class members had any benefit request denied by USCIS or a missed appointment during a specific time period. However, the list

would be overinclusive due to the difficulty of identifying specific reasons for denial or other adverse actions.  There is currently no systematic process to reliably identify a list of cases with specific reasons for denial, or proposed denial.  Shifting USCIS adjudicative resources to the task of reviewing decision notices looking for specific language would further hinder USCIS' ability to process pending benefit requests and exacerbate existing backlogs.  At the same time, the list could be underinclusive depending on the search parameters used and the adjudication platform. Defendants suggest limiting this requirement to specific types of adverse actions and remedies agreed upon by all parties to provide some clarity as to Defendants' obligations under the order.

Objection #3

The term "adversely affected" is also vague and subjective and may vary according to the alien.  This issue could be similarly ameliorated if the order were limited to specific types of adverse actions and remedies agreed upon by the parties, as suggested above.

Objection #4

Furthermore, some past actions cannot be "undone."  To the extent the Proposed Order is read to include the "adverse consequence" of revocation of a parole-based Employment Authorization Document, class members are no longer eligible for parole-based employment authorization due to the April 2026 re-terminations.  There is no practical benefit to the alien in retroactively restoring employment authorization where the relevant time period for employment has already passed.  Furthermore, retroactive restoration of employment authorization has implications for enforcement of INA §§ 274A (codified at 8 U.S.C. § 1324a) and 274B (codified at 8 U.S.C. § 1324b) governing unlawful employment of aliens.  It is unclear how/whether this might impact third parties, such as employers, who may have elected to employ, or not to employ, an alien during the relevant time period based on their employment authorization status.

4

### B.  As to Requirement (3)

Objection # 1

Sending out the Proposed Order's notice to every class member will likely cause considerable confusion for the aliens whose paroles were recently re-terminated, and may create more problems than it solves (particularly depending on the outcome of compliance with Requirements 1 and 2).

Objection #2

It is not possible to send the Notice to each alien in the alien's "preferred language" as this is not something Defendants have noted in their records.  Defendants propose as an alternative that they identify the three most common languages for the class and create a notice in English and in those three languages and send that one notice to all class members.

Objection #3

If it becomes necessary for Defendants to send the proposed email notice, Defendants would propose the following edits to the text to correct the following error.

- The reference to "28 USC 1182(d)(5)" should be "8 USC 1182(d)(5)"

### C.  As to Requirement (4)

Objection #1

DHS disputes the need for ongoing reporting. However, if regular reports are required, weekly reports are too frequent for DHS.  First, it will take time for DHS to identify potential individuals entitled to relief and determine appropriate corrective actions under any version of this order. Second, with current USCIS processing times, and backlogs, each report is unlikely to contain much new information from week to week.  In addition, USCIS employees are facing multiple,

competing priorities and this report will add new work to an already excessive workload. This requirement would shift USCIS fee-funded resources from processing immigration benefit requests to preparing reports. Defendants suggest providing monthly reports of defined data points agreed to by the parties and approved by the Court during a 180-day compliance period or the conclusion of the litigation, whichever is sooner.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider its objections and requests for clarifications set forth above, and that the Court modify its Proposed Order accordingly.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: July 25, 2026

By:    */s/ Shawna Yen*
Shawna Yen Assistant U.S. Attorney
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3100
Email: Shawna.Yen@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: July 25, 2026

By:    */s/ Shawna Yen*
Shawna Yen Assistant U.S. Attorney
U.S. Attorney's Office

6