**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SILEIRI DOE, on behalf of herself and all others similarly situated, *et al.*,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY *et al.*,

*Defendants*.

Case No. 1:25-cv-12245-ADB

**JOINT RESPONSE TO THE COURT'S JULY 30, 2026 ORDER**

The Court's July 30, 2026 Order (ECF No. 70) ordered the parties "to confer and, working collaboratively, submit a single joint revised proposed order by August 10, 2026." The Court further explained:

> It is the intention of the Court that the Plaintiffs receive a meaningful remedy for the Defendants' failure to comply with the Court's previous order, but in a manner that does not require an onerous administrative burden. As examples, Defendants should be able to comply with the order without needing to conduct a case-by-case review of every class member, the order should not require day-to-day or individual-by-individual supervision by the Court, and it should ensure that as many class members as possible receive notice in the language that they speak, subject to reasonable limits of efficiency. Where the parties cannot reach agreement, they should outline their respective positions, and the Court will either adopt the more reasonable position or reach its own conclusion.

ECF No. 70.

Pursuant to this Order, the parties conferred regarding the terms of a joint proposed order for sanctions to remedy the Court's finding of Defendants' noncompliance with the Court's March 31, 2026 order. ECF Nos. 48, 49, 70. The parties were unable to reach agreement on all terms. Immediately below are the provisions on which the parties agree. (Defendants assert that this agreement does not waive objections to the sanctions order.) As to the disputed provisions,

Plaintiffs' position and proposed order is attached as Exhibit A; Defendants' position and proposed order is attached as Exhibit B.

AGREED TERMS

**Production of Class List.**

The parties agree that no later than 48 hours after the entry of this Order, Defendants shall provide to Plaintiffs' counsel the list of all potential class members that Defendants generated in response to the Court's March 31, 2026 order.[1] The list must include each individual's name, Alien Registration Number (A#), and date of birth. Plaintiffs are willing to enter into a protective order for receipt of the class list, as Defendants have requested.

***Disputed:***

*(a) whether that list will include each class member's country of origin, as Plaintiffs have requested. See Pls.' Proposed Order ¶ 1; Defs.' Proposed Order ¶ 1.*

*(b) whether the time frame for compliance with this term may be extended to await the negotiation and the Court's entry of a confidential protective order. See Defs.' Proposed Order ¶ 1. Plaintiffs do not agree that a protective order may serve as a basis for further delaying Defendants' compliance with the Court's order (this dispute is addressed in Plaintiffs' supporting memorandum; it is not a separate numbered provision of Plaintiffs' Proposed Order itself). See Ex. A at 6. Defendants do not seek to delay implementation through seeking a protective order governing treatment of confidential class-member information.*

[1] Class members are defined as "All individuals who (i) scheduled their appointments for entry to the United States using the CBP One app; (ii) were paroled into the United States between May 16, 2023 and January 19, 2025; (iii) had their parole terminated in April 2025 pursuant to an email substantially similar to the one reproduced at paragraph 38 of the Complaint without any further explanation; and (iv) remain in the United States." ECF No. 48 at 25.

**<u>Adverse Consequences.</u>**

The parties agree that Defendants will identify all class members who experienced any "Adverse Consequence," as defined below, and share the information with Plaintiffs' counsel within 14 days of the date of the Order. The parties agree that the following circumstances constitute categories of "Adverse Consequences" warranting identification: if a class member (a) was in or placed in immigration detention; (b) received an "adverse decision" on an immigration benefit request (for the purposes of this subsection, "adverse decision" means a USCIS decision on an immigration benefit request—including but not limited to adjustment of status, but excluding employment authorization based on parole—that was denied, dismissed, deemed abandoned, administratively closed, rejected, or referred to the Executive Office for Immigration Review (EOIR)); and (c) missed an appointment, interview, or check-in with a DHS subcomponent.

***Disputed:***

*(a) whether Adverse Consequence includes removal orders and in-absentia removal orders. See Pls.' Proposed Order ¶ 2(d); Defs.' Proposed Order ¶ 2(a)-(d).*

*(b) the relevant time period in which to identify Adverse Consequences. See Pls.' Proposed Order ¶¶ 2(a)–(d) (proposing that the time period cover April 2025 to April 21, 2026); Defs.' Proposed Order ¶ 2 (proposing that the time period cover March 31, 2026 to April 26, 2026).*

**<u>Affirmative Remediation.</u>**

The parties agree that Defendants will declare that the April 2025 termination of parole status cannot be used as a basis for denial of any applications, or as grounds for decisions regarding admissibility and detention, or as the basis for accrual of unlawful presences under 8 U.S.C. § 1182(a)(9)(B). The parties also agree that Defendants will establish a process that will allow

Affected Class Members to request reopening or reconsideration of an adverse decision on an immigration benefit request (other than employment authorization based on parole) from USCIS without a fee, if the class member believes that an adverse decision resulted from the April 2025 parole termination, he or she is otherwise eligible for the benefit sought, and USCIS retains jurisdiction over the application.

***Disputed:***

*(a) the deadline for Defendants to comply with this provision. See Pls.' Proposed Order ¶ 3 (proposing 7 days for Defendants' declaration, 14 days to establish a process, and 21 days to release Affected Class members from detention); Defs.' Proposed Order) ¶ 3 (proposing 60 days).*

*(b) whether the reopening/reconsideration process must also include public notice and issuing nunc pro tunc approvals under 8 U.S.C. C.F.R. § 214.1(c). See Pls.' Proposed Order ¶ 3(c); Defs.' Proposed Order ¶ 3; Ex. B at 6.*

*(c) whether Defendants are required to coordinate the release of any Affected Class Member presently in immigration detention who was detained because their parole was lapsed between April 2025 and April 2026. See Pls.' Proposed Order ¶ 3(a); Defs.' Proposed Order) ¶ 2-3; Ex. B at 5-6.*

**Systemic Corrective Measures.**

The parties agree that Defendants will update relevant internal databases to reflect that parole terminated in April 2025 was reinstated, with a notice that will substantially state:

> The termination of this individual's parole in April 2025 was vacated by court order in *Doe v. DHS*, 1:25-cv-12245 (D. Mass. Mar. 31, 2026). The April 2025 parole termination may not be used as a basis for denial of any applications or as grounds for decisions regarding admissibility and detention. Consult agency counsel for further guidance. This court order does not impact or supersede any termination of parole that occurred in or after April 2026.

The parties also agree that Defendants will issue guidance to USCIS, ICE and CBP to: (a) treat the April 2025 parole terminations as if they had never occurred; (b) upon request from an Affected Class Member, rescind, reopen, or correct any penalty, denial, dismissal, deemed abandonment, or adverse decision, consistent with DHS's authority, if the class member can establish eligibility for the benefit; (c) not rely on any Adverse Consequence as a basis for any future adverse action, negative discretionary finding, or statutory or regulatory bar; and (d) as to matters before EOIR, not oppose Affected Class Members' motions to reopen or rescind in absentia orders of removal, or not oppose and affirmatively support motions to reschedule premised on an Adverse Consequence, and so notify EOIR.

***Disputed:***

*(a) whether Defendants will provide written directive to ICE's Office of the Principal Legal Advisor that they are to issue guidance to Enforcement and Removal Operations officers that Affected Class Members are entitled to immediate release from detention. See Pls.' Proposed Order ¶ 4(b); Defs.' Ex. B at 5-6.*

*(b) for any class member who had a pending affirmative asylum application when parole was terminated and who was thereafter placed in removal proceedings, whether Defendants will move to dismiss or terminate those proceedings and restore the class member to the affirmative asylum process before USCIS. See Pls.' Proposed Order ¶ 4(c)(v); Defs.' Ex. B at 7.*

*(c) whether Defendants will add a notation to each class member's file that the April 2025 parole termination may not be used as a basis for denial of any applications, or as grounds for decisions regarding admissibility and detention, or as the basis for accrual of unlawful*

*presences under 8 U.S.C. § 1182(a)(9)(B). See Pls.' Proposed Order ¶ 4(c)(vi); Defs.' Ex. B at 6-7.*

*(d) whether Defendants will promptly revise internal policy manuals, practice manuals, field guidance, training materials, and case-management systems. See Pls.' Proposed Order ¶ 4(c)(vii); Defs.' Ex. B at 6-7.*

*(e) whether Defendants will provide each class member with information regarding available free or low-cost legal service providers accredited to practice before EOIR and USCIS See Pls.' Proposed Order ¶ 4(e); Defs.' Ex. B at 6-7.*

*(f) the deadline for Defendants to comply with this subparagraph. See Pls.' Proposed Order ¶ 4; Defs.' Proposed Order ¶ 4 (proposing 30 days only with respect to those terms listed in Defendants' Proposed Order).*

The parties also agree that Defendants shall send class members a notice containing the following message:

> This is an official government message. You are receiving this message because your immigration parole under 8 U.S.C. § 1182(d)(5)(A) was previously terminated by the federal government via mass email in April 2025. You are hereby notified that on March 31, 2026, the United States District Court for the District of Massachusetts held that the parole terminations by email in April 2025 did not follow the required procedure. The April 2025 terminations of parole via mass email were unlawful and have no legal effect.
>
> The government cannot detain you on the basis that your parole was terminated by mass email in April 2025. If you suffered consequences in asylum proceedings or any other immigration proceeding as a result of the April 2025 termination of parole via mass email, the government must provide an opportunity for you to seek relief from that consequence. Other than invalidating the April 2025 terminations of parole via mass email, the Court's decision did not limit the government's ability to terminate your parole, provided that the government follows the required procedure. This notice does not affect any other decision that the government may have made, either before or after March 31, 2026, to terminate your immigration parole, and it does not limit the government's ability to detain you or take any other lawful action against you on the basis that your parole has been lawfully terminated.

***Disputed:***

(a) *what languages Defendants must translate the notice into. See Pls.' Proposed Order ¶ 4(d) (proposing translation sufficient to reach at least 95% of class members); Defs.' Proposed Order ¶ 5 (proposing working with Plaintiffs to select three languages).*

(b) *the deadline for Defendants to comply with this subparagraph. See Pls.' Proposed Order ¶ 4 (proposing 14 days); Defs.' Proposed Order ¶ 5 (proposing 60 days).*

**UNRESOLVED PROVISIONS**

The parties have not reached any agreement on Paragraph 5 (Weekly Status Reports and Designated Compliance Officer) or Paragraph 6 (Alternative Compliance Path) of Plaintiffs' Proposed Order. Plaintiffs propose weekly status reports and a designated DHS officer available to the Court; Defendants do not agree to reporting and monitoring. Defendants do not agree to Plaintiffs' proposed alternative compliance path under which Defendants may satisfy Paragraphs 1 through 4 by withdrawing the April 2026 re-terminations and extending class members' parole for six months from the date of the entry of the revised sanctions order.

The parties further have not reached any agreement on Paragraph 6 of Defendants' Proposed Order.

These provisions are addressed solely in the parties' respective positions and proposed orders, attached as Exhibit A (Pls.' Proposed Order ¶¶ 5–6) and Exhibit B (Defs.' Proposed Order ¶ 6).

Dated: August 31, 2026

By: LEAH B. FOLEY
United States Attorney

By: /s/ Shawna Yen

Respectfully submitted,

/s/ Cortney Robinson Henderson
Allyson R. Scher (D.C. Bar No. 1616379)*
Cortney Robinson Henderson (D.C. Bar No. 1656074)*

Shawna Yen
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3100
Email: Shawna.Yen@usdoj.gov
*Counsel for Defendants*

Catherine M.A. Carroll (D.C. Bar No. 497890)*
Brian D. Netter (D.C. Bar No. 979362)*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
bnetter@democracyforward.org
ascher@democracyforward.org
crhenderson@democracyforward.org

Melanie M. Chaput (MA Bar No. 643470)
Heather Arroyo (MA Bar No. 698460)
Iris Gomez (MA Bar No. 201000)
MASSACHUSETTS LAW REFORM INSTITUTE
40 Court Street, Suite 700
Boston, MA 02108
Telephone: 617.357.0700
Facsimile: 617.357.0777
mchaput@mlri.org
harroyo@mlri.org
igomez@mlri.org

*Counsel for Plaintiffs*
*Admitted *pro hac vice*