**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SILEIRI DOE, MERYEM DOE, and OLIVIA DOE, on behalf of themselves and all others similarly situated; and VENEZUELAN ASSOCIATION OF MASSACHUSETTS,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; MARKWAYNE MULLIN,[1] *in his official capacity* as Secretary of the Department of Homeland Security; JOSEPH B. EDLOW, *in his official capacity* as Director of U.S. Citizenship and Immigration Services; and RODNEY S. SCOTT, *in his official capacity* as Commissioner of U.S. Customs and Border Protection,

Defendants.

Civil Action No. 1:25-cv-12245-ADB

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**<u>CONCERNING CONFIDENTIAL INFORMATION</u>**

Upon consideration of the Parties' Joint Motion for a Stipulated Protective Order in the above-captioned matter (this "Action), it is hereby ORDERED that:

1. By Order of July 30, 2026, the Court ordered the parties "to confer and, working collaboratively, submit a single joint revised proposed order by August 10, 2026." (ECF No. 70). On July 31, 2026, Defendants moved for an extension of time until August 31, 2026, to file the joint revised proposed order, (ECF Doc. No. 71), which extension the Court granted. (ECF No. 72).

[1] Secretary of Homeland Security Markwayne Mullin has been automatically substituted for former Secretary Kristi Noem. Fed. R. Civ. P. 25(d).

2. On August 31, 2026, the parties submitted the Joint Response to the Court's July 30, 2026, Order. (ECF Doc. No. 73).

3. On September 28, 2026, the Court issued its Memorandum and Order resolving the disputed issues between the parties and imposing sanctions on Defendants. (ECF Doc. No. 74).

4. As set forth in the Court's September 28, 2026 Order, no later than 48 hours after the entry of an order adopting the parties' proposed Protective Order, Defendants shall provide to Plaintiffs' counsel the list of all potential class members that Defendants generated in response to the Court's March 31, 2026 order.[2] *Id*. at 2. The list must include each potential class member's name, date of birth, Alien Registration Number (A#), and country of origin. *Id*. Furthermore, Plaintiffs are willing to enter into a protective order for receipt of the class list, as Defendants have requested.

5. In order to comply with this aspect of the Court's September 28, 2026 Order, Defendants will be required to disclose information about class members and potential class members in this action to class counsel. Certain of that information may be subject to privacy and special confidentiality provisions under applicable federal laws or regulations, including but not limited to 5 U.S.C. § 552a, 8 U.S.C. § 1367, 8 U.S.C. § 1254a, and 8 C.F.R. §§ 208.6, 1208.6, 244.16, 1244.16. This Order authorizes disclosure, under the terms provided herein, of such materials.

6. For disclosures made pursuant to the Court's September 28, 2026 Order, regarding information about potential class members, including but not limited to each potential class member's name, date of birth, and A#, the potential class members' names, dates of birth and A#'s are Personally Identifiable Information (PII) that shall be treated as "Confidential" pursuant to this Order. The other information contained therein, including aggregate information concerning the number of potential

[2] Class members are defined as "All individuals who (i) scheduled their appointments for entry to the United States using the CBP One app; (ii) were paroled into the United States between May 16, 2023 and January 19, 2025; (iii) had their parole terminated in April 2025 pursuant to an email substantially similar to the one reproduced at paragraph 38 of the Complaint without any further explanation; and (iv) remain in the United States." (ECF Doc. No. 48 at 25).

class members identified by Defendants, locations of their detention, dates of arrest, and countries of origin, shall not be treated as "Confidential" under this Order so long as any further disclosure of such information by the recipient does not also include the name, A#, or other information that could be used to identify the class member to whom such information refers; otherwise such information shall be treated as "Confidential" under this Order.

7. Access to information designated "Confidential" by Defendants pursuant to section 5 above (hereinafter "Confidential Information") shall be limited to:

a. Class Counsel, their in-house and external counsel (e.g., internal or outside general counsel), and their employees, contractors, agents, and volunteers assisting in the conduct of the litigation of this Action;

b. Counsel for the Venezuelan Association of Massachusetts, to the extent they are distinct from Class Counsel, provided he/she executes an acknowledgment in the form of Exhibit A hereto and makes reasonable efforts to delete and/or return any confidential information to Class Counsel no later than 30 days after final termination of this Action (including the exhaustion of any appeals or further review);

c. Individual potential class members, their counsel, their prospective counsel, their family members, and (with the individual potential class member's consent) legal organizations, lawyers, and law firms working to connect class members with prospective counsel, but only to the extent the information disclosed relates to the particular individual class member at issue. (For example: A class member and/or his or her immigration counsel may be told that the class member's name and A# appears on the list produced by Defendants; a class member's information may be released to prospective habeas counsel for intake and conflicts purposes; and a class member's information may be released to legal organizations such as the Massachusetts Law Reform Institute, the MIRA Coalition, the PAIR Project, and

to lawyers and law firms assisting such organizations, for the purpose of connecting class members with prospective habeas or other counsel). A class member's confidential information may not be released to another class member, except as may otherwise be provided in this Order;

d. Contractors engaged by the parties and/or their counsel to furnish technical, interpretive, translation, or other expert services, including, for example, interpreters providing telephonic and in-person interpretation services to facilitate communication between class counsel and the class members;

e. The Court and court employees, court reporters, and stenographic reporters; and

f. Any other person agreed by Class Counsel and counsel for the Defendants in writing, in advance of granting access to the confidential information.

8. **Challenging Designation of Confidentiality.** A designation of Confidential Information under this Order may be challenged upon motion to de-designate. A party or individual seeking to challenge a designation shall provide the designating party written notice of the designation(s) being challenged and the basis for that challenge. The parties shall meet and confer in good faith in an effort to resolve the challenge within five business days, unless the challenging party believes in good faith that a shorter timeline is necessary due to an upcoming filing deadline or an emergency circumstance. If the parties cannot resolve the challenge within that time frame, or as otherwise agreed, the challenging party shall file a motion challenging the designation. The designating party shall file its response within four business days (or the time frame established by the Court). The challenging party may file a reply within two business days (or the time frame established by the Court). The burden of proving that the Confidential designation is warranted remains with the designating party. For the avoidance of doubt, the Court's determination of whether the designation is

warranted is not a determination of whether the designating party had a subjective good-faith belief that the designation was warranted, but whether the designation is warranted based on the substantive standards articulated in paragraph 6 above, the public's right to transparent legal proceedings, and any other law bearing on the question.

9. Information designated "Confidential" shall be redacted from any public filing. Any party desiring or intending to provide the Court with any information designated "Confidential" shall move to submit such information under seal consistent with the Local Rules of the relevant court. Filing a motion to seal pursuant to this Order does not indicate that the non-designating party agrees that the material is properly designated Confidential. If any Confidential Information is de-designated, whether by agreement of the parties or order of the Court, such information may be filed on the public docket without further order of the Court.

10. Information designated "Confidential" shall be used solely for purposes related to this litigation, to the class members' immigration matters (*e.g.*, communications with a class member's immigration counsel), to attempting to secure legal representation or other legal assistance for class members, and to this Court's orders.

11. This Protective Order does not limit Defendants' use of information in their own possession. This Protective Order does not limit any person's use of information obtained from a source other than disclosures made pursuant to the Court's Order adopting the parties' Joint Proposal. (ECF Doc. 74).

12. If the production of additional confidential information other than that described herein is contemplated, the parties may seek to update this Protective Order or submit a separate protective order tailored to the additional information to be produced, as needed.

13. This Order shall continue in full force and effect upon the conclusion of this Action.

SO ORDERED.

Date: ____________________

______________________________
Allison D. Burroughs
United States District Judge