**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SILEIRI DOE, on behalf of herself and all others similarly situated, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-12245-ADB |

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' MOTION FOR EXTENSION OF TIME**

For more than six months, Defendants have repeatedly engaged in dilatory tactics to defer or delay compliance with this Court's orders. Defendants first failed to comply with the Court's March 31, 2026, order (ECF No. 48) vacating Defendants' unlawful termination of parole, and then "turn[ed] delayed compliance into affirmative non-compliance by permanently depriving class members of the relief to which they were entitled." ECF No. 67 at 6. When this Court issued sanctions in response to Defendants' non-compliance, *see* ECF No. 70, Defendants complained that administrative burden prevented them from following the Court's initial sanctions order. And now—weeks after the entry of the Court's final sanctions order, ECF No. 74 ("Sanctions Order") and over six months since the unlawful policy was vacated—Defendants yet again offer excuses to push back Court-ordered deadlines in their Motion for Extension of Time, ECF No. 75. Plaintiffs oppose and urge this Court to reject Defendants' latest attempt to extend what have already been unconscionable delays.

Defendants request *weeks* of additional time[1] to comply with the following provisions of the Court's Sanctions Order:

- 19 additional days (more than two weeks) beyond the two days the Court allotted to identify Class Members who have experienced Adverse Consequences (extending the deadline to a total of 21 days), ECF No. 75 at 2;
- 24 additional days (more than three weeks) on top of the 21 days the Court already provided to establish a process for Affected Class Members[2] to request reopening or reconsideration of an adverse decision on an immigration benefit request (stretching the deadline to a combined 45 days), ECF No. 75 at 2; and
- 28 additional days (four weeks) over and above the 14 days the Court gave Defendants to send Class Members pre-written notices (expanding the deadline to a collective 42 days), ECF No. 75 at 3.

Defendants' proffered excuses do not justify these extensions of time.

**Adverse Consequences List.** Defendants have had since this Court's initial July 15, 2026, sanctions order—roughly three months—to begin identifying Class Members who experienced Adverse Consequences during the year parole was unlawfully terminated, and at least two weeks from the Court's final Sanctions Order to finalize that list for production to Plaintiffs. That is more than enough time to compile a list of Affected Class Members. Defendants' excuse that the production of some raw data related to ICE appointments could be overinclusive or inaccurate does not warrant a 19-day extension—Defendants can correct any errors on a rolling basis after

[1] The Sanctions Order runs these deadlines from the entry of a Protective Order, *see* ECF No. 74 at 11 (deadline for adverse consequences) & 13 (deadline for notice), or from the entry of the Sanctions Order on September 28, 2026. *Id.* at 12 (deadline for affirmative remediation). The Court entered the parties' Protective Order on October 14, 2026. *See* ECF Nos. 77 & 78.

[2] As defined in the Sanctions Order, ECF No. 74 at 4.

production. Defendants should produce the information they have on or before October 16, 2026, in compliance with the Sanctions Order's scheduled deadline.

**Affirmative Remediation.** Defendants currently have until November 4, 2026, to establish a process to reopen and reconsider adverse immigration benefit decisions with USCIS. Some, if not all, of that process should be able to commence in accordance with the Sanctions Order's deadlines. Even if the process has not been finalized, Defendants should at minimum provide notice to Affected Class Members that a process is forthcoming.

**Notice to Class Members.** Defendants currently have until October 28, 2026, to send an already-drafted notice to Class Members in five jointly selected languages. ECF No. 61-3. Defendants claim they will need additional time to negotiate the selection of those five languages with Plaintiffs. ECF No. 75 at 3. This is a speculative excuse. Defendants have not even initiated any such negotiations with Plaintiffs' counsel and therefore cannot possibly know whether the parties will need more than two weeks to select five languages for the notice. Defendants have had a list of Class Members compiled since March 2026, meaning that Defendants have had the information necessary to make a recommendation about languages for over six months. In fact, in their proposal for the Sanctions Order, Defendants had argued the notice only needed to be translated into "three languages" which they believed would "reach the majority of class members based on country of origin." ECF No. 73-2 at 6. Defendants clearly already have an idea of which languages should be selected.[3] Plaintiffs are also highly motivated to obtain this long-delayed relief. Defendants' unlawful termination of parole was vacated over six months ago, and Class Members have still not received notice of *any* kind from Defendants. Defendants can and must

[3] It should also be noted that delays in communication have uniformly come from Defendants during this litigation, not Plaintiffs. *See* ECF No. 73-1 (detailing Defendants' weeks long delay as Plaintiffs attempted to negotiate a joint remedy for Defendants' non-compliance).

provide timely notice to Class Members that those terminations were vacated (and that a process for affirmative remediation of that unlawful conduct is forthcoming). If, for whatever reason, negotiations are time-consuming, the parties can jointly request an extension. Until then, Defendants' request for additional time is premature.

Dated: October 14, 2026

Respectfully submitted,

*/s/ Cortney Robinson Henderson*

Allyson R. Scher (D.C. Bar No. 1616379)*
Cortney Robinson Henderson (D.C. Bar No. 1656074)*
Catherine M.A. Carroll (D.C. Bar No. 497890)*
Brian D. Netter (D.C. Bar No. 979362)*
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
bnetter@democracyforward.org
ascher@democracyforward.org
crhenderson@democracyforward.org

Melanie M. Chaput (MA Bar No. 643470)
Heather Arroyo (MA Bar No. 698460)
Iris Gomez (MA Bar No. 201000)
MASSACHUSETTS LAW REFORM INSTITUTE
40 Court Street, Suite 700
Boston, MA 02108
Telephone: 617.357.0700
Facsimile: 617.357.0777
mchaput@mlri.org
harroyo@mlri.org
igomez@mlri.org

*Counsel for Plaintiffs*
*Admitted *pro hac vice*